FILED
MAR 2 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQUIRE,
as personal and legal representative of
the estate of D.Q., deceased,

Plaintiff

v.

THE GOVERNMENT OF THE
DISTRICT OF COLUMBIA

and

PROGRESSIVE LIFE CENTER
1704 17th Street, N.E.
Washington, D.C. 20002

and

NILE EXPRESS TRANSPORT, INC.
2412 Minnesota Avenue, S.E.
Washington, D.C. 20020

and

WILLIAM L. WOODS
2225 S Street, N.E.
Washington, D.C. 20002

Defendants

CASE NO.: ____________________

Case: 1:08-cv-00480
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/21/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

**PETITION FOR REMOVAL**

Petitioner, Progressive Life Center, by and through its attorneys, Jeffrey R. DeCaro and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, files the within Petition for Removal pursuant to 28 U.S.C. §§1331, 1343, and 1446, requesting that the above captioned civil action be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and as grounds therefor, states as follows:

1. The above captioned matter was commenced in the Superior Court of the District of Columbia on July 17, 2007. The Complaint filed therein asserted wrongful death and survival claims.

2. On August 31, 2007, Plaintiff filed an Amended Complaint adding Nile Express Transport, Inc. as a Defendant, and also adding a stand-alone count for punitive damages.

3. On October 16, 2007, Plaintiff filed a Second Amended Complaint adding William L. Woods as a Defendant.

4. On March 4, 2008, Plaintiff filed a Motion for Leave to file a Third Amended Complaint, which was granted by Judge Jeanette Clark on March 11, 2008, without a hearing, and without allowing sufficient time for a response.

5. The Third Amended Complaint, filed on March 17, 2008, adds counts against Progressive Life Center and the District of Columbia for violations of the decedent's civil rights under 42 U.S.C. § 1983, and for negligent hiring.

6. As Plaintiff is now seeking relief pursuant to 42 U.S.C. § 1983, this action is within the original jurisdiction of the United States District Court for the District of Columbia pursuant to 28 U.S.C. 1331, 28 U.S.C. 1343 and 28 U.S.C. § 1441.

7. Pursuant to 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 [federal question jurisdiction] of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates

8. Copies of the Plaintiff's original Complaint and Third Amended Complaint are appended hereto as Exhibit A.

9. Copies of the Defendant's Answer and Notice of Removal are appended hereto as Exhibit B.

10. Petitioner presents and files herewith a check in the amount of $350.00 as a filing fee, as required by law.

WHEREFORE, the premises considered, Petitioner Progressive Life Center respectfully prays that the above captioned matter be removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

Respectfully submitted,

DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

Jeffrey R. DeCaro
D.C. Bar No. 350496
4601 Forbes Boulevard
Suite 200
Lanham, Maryland 20706
(301) 306-4300
jdecaro@decarodoran.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2008, a copy of the foregoing Petition for Removal was mailed, first-class, postage prepaid, to:

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Christopher Costabile, Esquire
10555 Main Street
Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W.
Suite 401
Washington, D.C. 20036

Jeffrey R. DeCaro

I:\Common\WP\L4\JRD\Chambers\PetitionRemoval.wpd

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Brett E. Cohen, Esq.
As Personal and Legal
Representative of the Estate of
Dequan Chambers, Deceased
SOLOMON MALECH & COHEN, P.C.
7910 Woodmont Avenue
Suite 1430
Bethesda, Maryland 20814-3002

Plaintiff,

v.

The Government of the
District of Columbia
Serve: Mayor Adrian Fenty
District of Columbia
Executive Office of the Mayor
1350 Pennsylvania Avenue NW
Sixth Floor
Washington, D.C. 20004

Serve: Office of the Attorney General
441 4th Street, N.W., 6th Floor South
Washington, D.C. 20001

and

Progressive Life Center
1704 17th Street, NE
Washington, DC 20002

Defendants.

07-0004904

Case No.:

**JURY TRIAL DEMANDED**

RECEIVED
CIVIL CLERK'S OFFICE
JUL 1 7 2007
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**COMPLAINT AND JURY DEMAND**
**(Wrongful Death / Survivor Action / Negligence)**

Plaintiff Brett Cohen, in his capacity as personal and legal representative of decedent, Dequan Chambers, and through his undersigned counsel Bailey & Ehrenberg PLLC, brings this action against Defendants the District of Columbia and Progressive Life Center, and for his Complaint states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the claims asserted herein by virtue of Subsections 11-921(a), 12-101 and 16-2701 and of the D.C. Code.

**PARTIES**

2. Plaintiff Brett E. Cohen is an adult resident of Bethesda, Maryland with an address at SOLOMON MALECH & COHEN, P.C., 7910 Woodmont Avenue, Suite 1430, Bethesda, Maryland 20814-3002. He brings this action in his capacity as the personal and legal representative and administrator of the estate of the decedent, Dequan Chambers (hereinafter "D.Q.") At the time of his death, D.Q. was an eleven-year old committed child in the District of Columbia Superior Court and the District of Columbia Child and Family Services Agency was his legal guardian.

3. Defendant District of Columbia (the "District") is a municipal corporation capable of being sued under D.C. Code §1-102.

4. Defendant Progressive Life Center ("Progressive") is a 501(c)(3) non-profit organization licensed as a child placement agency in the District of Columbia, among other jurisdictions. Progressive's foster care program provides comprehensive and intensive child placement services, which include clinical and case management

activities. This program serves children from birth to twenty-years old. Progressive's behavioral healthcare services are designed to meet the specific needs of individual clients, groups and families.

**FACTS**

5. D.Q. had a history of serious mental health issues – stemming in part from being born exposed to drugs – such that he was prescribed adult-strength psychotropic medications at various points in his lifetime.

6. D.Q. was removed from the care of his mother for neglect and deplorable living conditions on October 15, 1999 (his father was not involved in his life and waived his parental rights in 2005).

7. D.Q. became a "committed child" in the District of Columbia Superior Court, and the District of Columbia Child and Family Services Agency became his legal guardian, in or around May 2000.

8. On information and belief, Progressive contracts with the District to provide various social services to children, such as D.Q., who are "committed" in the District. These services include, among others, assisting with placement into foster homes, the provision of mental health counseling, and related social services.

9. After initially being placed at St. Ann's home for neglected and abused children, D.Q. spent the better part of the past several years bouncing from foster home to foster home in the D.C. area.

10. As of July 2006, D.Q. was living in a temporary foster home in Upper Marlboro, Maryland. He had been at this home for approximately six months and was awaiting placement at an adoption home. On information and belief, all of the foster homes into which D.Q. had been placed were contracting with Progressive.

11. On July 18, 2006, at approximately 1 p.m., D.Q. was struck by a Green Chevrolet driven by William L. Woods, then a seventy-nine year old resident of the District, at or around Montana Avenue, N.E. and 17th Street, N.E.

12. At the time of the aforementioned incident D.Q. was in the care, custody, or control of agents or employees of Progressive and was on his way to Progressive's offices at 1933 Montana Avenue, N.E. in the District of Columbia for a therapy session.

13. At the time of the aforementioned incident, D.Q. had just exited a vehicle operated by agents, servants, and/or employees of Progressive, and was attempting to cross Montana Avenue, N.E. to reach Progressive's offices at 1933 Montana Avenue, N.E.

14. D.Q. suffered massive head and other injuries as a result of the aforementioned incident. He was transported to Children's Hospital following the incident and passed away approximately two days later at Children's Hospital.

15. By virtue of the fact(s) (1) that D.Q. was a committed child in the D.C. Superior Court, (2) that the District of Columbia Child and Family Services Agency was D.Q.'s legal guardian, and (3) Progressive had contracted with the District to provide the aforementioned social services to D.Q., a special relationship existed between Defendants

and D.Q. such that Defendants owed D.Q. a special duty of care to protect D.Q. from injury.

16. By virtue of the fact(s) (1) that D.Q. was a committed child in the D.C. Superior Court, (2) that the District of Columbia Child and Family Services Agency was D.Q.'s legal guardian, and (3) that Progressive had contracted with the District to provide the aforementioned social services to D.Q.,, and (4) that D.Q. had serious mental heath conditions that necessitated continuing care, there existed a direct or continuing contact between D.Q. and one or more governmental agencies or officials of D.Q., and a justifiable reliance on the part of D.Q.

17. This action is brought within one year of the wrongful acts alleged herein and Plaintiff has satisfied all administrative prerequisites to the filing of this action..

**COUNT I**
**Against All Defendants**
**(Wrongful Death: Section 16-2701 of the D.C. Code)**

18. Paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

19. This claim for wrongful death is brought by Plaintiff Brett E. Cohen, Esq. as personal and legal representative of the estate of the decedent, Dequan Chambers, pursuant to Section 16-2701 of the D.C. Code.

20. All acts and omissions of Defendants' agents, servants, and/or employees were carried out within the scope of their employment and/or agency while performing

proprietary functions as agents, servants, and/or employees of Defendants, rendering Defendants legally and statutorily liable.

21. The aforesaid incident was caused by and was the direct, sole and proximate result of the negligence of Defendants' agents, servants, and/or employees.

22. Defendant, through their agents, servants, and/or employees, had a duty of care to monitor protect, safeguard, defend, care for, look after and rear D.Q. in a proper fashion with the degree of care and skill that a responsibly competent guardian/caregiver would have exercised under similar circumstances.

23. Defendants, through their agents, servants, and/or employees, breached the aforesaid duty of care and were negligent in the following ways, *inter alia*:

(a) Failure to maintain proper control of D.Q.;

(b) Failure to pay full time and attention to D.Q.;

(c) Failure to keep a proper lookout.

24. D.Q.'s death was a direct and proximate result of the aforesaid wrongful acts and negligence of Defendants' agents, servants, and/or employees;

25. D.Q. acted properly in all respects and was free from negligence in connection with this incident.

26. As a direct and proximate result of the negligent and/or wrongful acts and/or omissions of Defendants' agents, servants, and/or employees, D.Q.'s statutory beneficiaries have suffered, and will continue to suffer, financial loss, loss of gifts, contributions, services, care, and support of decedent, and incurred medical expenses,

funeral services and expenses, and other losses and damages, which shall be proven at trial.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of the decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000), which shall be proven at trial; (2) punitive damages in an amount to be determined at trial; (3) pre- and post-judgment interest; (4) attorneys' fees and costs; and (5) such other and further relief as this Court may deem just and proper.

**COUNT II**
**Against All Defendants**
**(Survival Action: Section 12-101 of the D.C. Code)**

27. Plaintiff incorporates and realleges herein the allegations set forth in paragraphs 1 through 26 of the Complaint.

28. This survival action is brought by Plaintiff Brett E. Cohen, Esq. as the personal and legal representative of the decedent, D.Q., pursuant to Section 12-101 of the D.C. Code, and is brought on behalf of the decedent's estate.

29. All acts and omissions of Defendants' agents, servants, and/or employees were carried out within the scope of their employment and/or agency while performing proprietary functions as agents, servants, and/or employees of Defendants, rendering Defendants legally and statutorily liable.

30. The aforesaid incident was caused by and was the direct, sole and proximate result of the negligence of Defendants' agents, servants, and/or employees.

31. Defendant, through their agents, servants, and/or employees, had a duty of care to monitor protect, safeguard, defend, care for, look after and rear D.Q. in a proper fashion with the degree of care and skill that a responsibly competent guardian/caregiver would have exercised under similar circumstances.

32. Defendants, through their agents, servants, and/or employees, breached the aforesaid duty of care and were negligent in the following ways, *inter alia*:

(a) Failure to maintain proper control of D.Q.;

(b) Failure to pay full time and attention to D.Q.;

(c) Failure to keep a proper lookout.

33. D.Q.'s death was a direct and proximate result of the aforesaid wrongful acts and negligence of Defendants' agents, servants, and/or employees;

34. D.Q. acted properly in all respects and was free from negligence in connection with this incident.

35. Between the time when the Green Chevrolet first struck D.Q. and the time of his death, D.Q. was conscious, aware of his impending death, and/or suffered extreme conscious physical, mental and emotional pain and suffering.

36. As a direct and proximate result of the negligence of Defendants' agents, servants, and/or employees, D.Q. suffered extreme physical pain and bodily injury,

disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to his untimely and horrific death.

37. As a further direct and proximate result of the negligence of Defendants' agents, servants, and/or employees, D.Q. incurred medical and hospital expenses, as well as future loss of earning capacity.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000), which shall be proven at trial; (2) punitive damages in an amount to be determined at trial; (3) pre- and post-judgment interest; (4) attorneys' fees and costs; and (5) such other and further relief as this Court may deem just and proper.

**Jury Demand**

Plaintiff respectfully demands a jury trial in this action.

Dated: July 17, 2007

Respectfully submitted,

BRETT E. COHEN, ESQ.
Personal and Legal Representative of the Estate of Dequan Chambers, Deceased

By: James C. Bailey

James C. Bailey (# 462391)
Jason H. Ehrenberg (# 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 787-3869
F: (202) 318-7071
jcb@becounsel.com
jhe@becounsel.com

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Brett E. Cohen, Esq.<br>As Personal and Legal<br>Representative of the Estate of<br>D.Q., Deceased | ) |
| Plaintiff, | ) Civil Action: 07-04904 B |
| v. | ) Judge Jeannette Clark |
| The Government of the<br>District of Columbia, | ) Jury Trial Demanded |
| *et al.* | ) Next Event:<br>) Deadline for Discovery Requests/<br>) Witness Lists |
| Defendants. | ) April 7, 2008 |

**THIRD AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff Brett Cohen, in his capacity as personal and legal representative of decedent, D.Q., and through his undersigned counsel Bailey & Ehrenberg PLLC, brings this action against Defendants the District of Columbia, Progressive Life Center, Nile Express Transport, Inc., and William L. Woods, and for his Third Amended Complaint states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the D.C. common law and statutory claims asserted herein by virtue of Subsections 11-921(a), 12-101 and 16-2701 and of the D.C. Code. This Court has concurrent jurisdiction over the federal claims asserted hereunder.

## PARTIES

2. Plaintiff Brett E. Cohen is an adult resident of Bethesda, Maryland with an address at SOLOMON & COHEN, P.C., 7910 Woodmont Avenue, Suite 1430, Bethesda, Maryland 20814-3002. He brings this action in his capacity as the personal and legal representative and administrator of the estate of the decedent, (previously identified in this matter as "D.Q.") At the time of his death, D.Q. was an eleven-year old committed child in the District of Columbia Superior Court and the District of Columbia Child and Family Services Agency was his legal guardian. During his life, D.Q. was close to his brother, J.C., who has suffered greatly as a result of the death of his close sibling.

3. Defendant District of Columbia (the "District") is a municipal corporation capable of being sued under D.C. Code §1-102.

4. Defendant Progressive Life Center ("Progressive") is a 501(c)(3) non-profit organization licensed as a child placement agency in the District of Columbia, among other jurisdictions, with a District of Columbia address as set forth in the caption. Progressive's foster care program provides comprehensive and intensive child placement services, which include clinical and case management activities. This program serves children from birth to twenty-years old. Progressive's behavioral healthcare services are designed to meet the specific needs of individual clients, groups and families.

5. Defendant Nile Express Transport, Inc. ("Nile") is a company that provides transportation services to the District of Columbia and Progressive, with a District of

Columbia address as set forth in the original caption. On information and belief, Nile provides such services under a contract with Progressive in support of Progressive's contract with the District of Columbia.

6. Defendant William L. Woods was the owner and operator of a car, which, upon information and belief, was a green 1974 Chevrolet Monte Carlo with a D.C. license tag A04945.

**FACTS**

7. D.Q. had a history of serious mental health issues – stemming in part from being born exposed to drugs and an environment of abuse and neglect – such that he was prescribed adult-strength psychotropic medications at various points in his lifetime.

8. D.Q. was removed from the care of his mother for neglect and deplorable living conditions on October 15, 1999 (his father was not involved in his life and waived his parental rights in 2005).

9. D.Q. became a "committed child" in the District of Columbia Superior Court, and the District of Columbia Child and Family Services Agency became his legal guardian, in or around May 2000.

10. On information and belief, Progressive contracts with the District to provide various social services to children, such as D.Q., who are "committed" in the District. These services include, among others, assisting with placement into foster homes, the provision of mental health counseling, and related social services.

Progressive was providing and/or was contractually obligated to provide such services to D.Q. at all times relevant hereto.

11. The District, Progressive and Nile were aware at all times relevant hereto that D.Q. had a history of self-destructive behaviors (including a history of running into the street to harm himself, jumping out of moving vehicles, and other suicidal ideations and behaviors). The District, Progressive, and Nile knew or should have known that D.Q. was a high risk (to himself) during transportation.

12. After initially being placed at St. Ann's home for neglected and abused children, D.Q. spent the better part of the past several years moving from foster home to foster home in the D.C. area.

13. As of July 2006, D.Q. was living in a temporary foster home in Upper Marlboro, Maryland. He had been at this home for approximately six months and was awaiting placement at an adoption home. On information and belief, all of the foster homes into which D.Q. had been placed were contracting with Progressive.

14. On July 18, 2006, at approximately 1 p.m., D.Q. was struck by a Green Chevrolet driven by William L. Woods, then a seventy-nine year old resident of the District, at or around Montana Avenue, N.E. and 17th Street, N.E.

15. At the time of the aforementioned incident D.Q. was in the care, custody, or control of agents or employees of the District, Progressive and/or Nile and was on his way to Progressive's offices at 1933 Montana Avenue, N.E. in the District of Columbia for a therapy session.

16. At the time of the aforementioned incident, D.Q. had just exited a vehicle operated by agents, servants, and/or employees of D.C., Progressive and/or Nile and was attempting to cross Montana Avenue, N.E. to reach Progressive's offices at 1933 Montana Avenue, N.E.

17. D.Q. suffered massive head and other injuries as a result of the aforementioned incident. He was transported to Children's Hospital following the incident and passed away approximately two days later at Children's Hospital.

18. By virtue of the fact(s) (1) that D.Q. was a committed child in the D.C. Superior Court, (2) that the District of Columbia Child and Family Services Agency was D.Q.'s legal guardian, (3) that Progressive had contracted with the District to provide the aforementioned social services to D.Q., (4) that Progressive and/or the District had contracted with Nile to provide transportation services to D.Q., and/or (5) that the District, Progressive and Nile were aware at all times relevant hereto that D.Q. had a history of running into the street to harm himself, jumping out of moving vehicles, and other suicidal ideations and behaviors, a special relationship existed between Defendants and D.Q. such that Defendants owed D.Q. a special duty of care to protect D.Q. from injury.

19. By virtue of the fact(s) (1) that D.Q. was a committed child in the D.C. Superior Court, (2) that the District of Columbia Child and Family Services Agency was D.Q.'s legal guardian, (3) that Progressive had contracted with the District to provide the aforementioned social services to D.Q., (4) that Progressive and/or the District had

contracted with Nile to provide transportation services to D.Q., and (5) that D.Q. had serious mental heath conditions that necessitated continuing care and supervision, there existed a direct or continuing contact between D.Q. and one or more governmental agencies or officials of D.Q., and a justifiable reliance on the part of D.Q that these individuals or entities would supervise and protect him.

**COUNT I**
**Against the District, Progressive, and Nile Express**
**(Wrongful Death: Negligence)**

20. Paragraphs 1 through 19 are incorporated by reference as though fully set forth herein.

21. This claim for wrongful death is brought by Plaintiff Brett E. Cohen, Esq. as personal and legal representative of the estate of the decedent, D.Q., pursuant to Section 16-2701 of the D.C. Code, for the benefit of D.Q.'s next of kin.

22. All acts and omissions of Defendants agents, servants, and/or employees were carried out within the scope of their employment and/or agency while performing proprietary functions as agents, servants, and/or employees of Defendants, rendering Defendants legally and statutorily liable.

23. The aforesaid incident was caused by and was the direct, sole and proximate result of the negligence of Defendants' agents, servants, and/or employees.

24. Defendants through their agents, servants, and/or employees, had a duty of care to monitor protect, safeguard, defend, care for, look after and rear D.Q. in a proper

fashion with the degree of care and skill that a responsibly competent guardian/caregiver would have exercised under similar circumstances.

25. By virtue of the fact that Defendants Progressive, the District, and Nile were aware at all times relevant hereto that D.Q. had a history of self-destructive behaviors (including running into the street to harm himself, jumping out of moving vehicles, and other suicidal ideations and behaviors) (and, therefore, was a high risk to himself during transportation), and further that D.Q. had been committed into their custody, Defendants had a heightened duty of care to monitor, protect, safeguard, defend, care for and look after D.Q. during transportation.

26. Defendants through their agents, servants, and/or employees, breached the aforesaid duty of care and were negligent in the following ways, *inter alia*:

(a) Failure to maintain proper control of D.Q.;

(b) Failure to pay full time and attention to D.Q.;

(c) Failure to keep a proper lookout;

(d) Failure to follow rules concerning safety in transportation.

27. Defendants never, at any relevant time herein, worked to secure adequate parking at Progressive's offices on Montana Avenue, N.E.

28. Defendants never, at any relevant time herein, arranged to have their staff escort children from the Nile transport van to Progressive's building on Montana Avenue, N.E. On information and belief, such basic precautions are taken by virtually all other similar programs in and around the D.C. Metro area.

29. Defendants disregard and failure to, among other things, provide adequate staffing, provide a drop-off area, failing to ensure a facility with proper parking, failing to escort children across a busy street, and failure to properly use seating restraints, demonstrated a wanton, outrageous, willful disregard and recklessness in their duty of protecting the vulnerable children entrusted in their care. In light of the fact that Defendants Progressive, the District and Nile were aware of D.Q.'s propensity to attempt to harm himself during transportation, Defendants Progressive, the District, and Nile's disregard and failures, outlined above, demonstrated a wanton, outrageous, disregard and recklessness in their duty of protecting D.Q.

30. Defendants were required under applicable D.C. law and/or regulations that have a purpose of promoting safety to ensure, among other things that D.Q. (1) was properly seated while the vehicle in which he was traveling was in operation, (2) was provided with an escort on the vehicle, as needed, and (3) was securely fastened in age-appropriate and weight appropriate seat belts. *See*, *e.g.*, DCMR §§ 29-943, 29-995.

31. Defendants failure to comply with applicable D.C. laws and/or regulations that have a purpose of promoting safety constitutes negligence *per se*.

32. D.Q.'s death was a direct and proximate result of the aforesaid wrongful acts and negligence of Defendants' agents, servants, and/or employees;

33. D.Q. acted properly in all respects and was free from negligence in connection with this incident.

34. As a direct and proximate result of the negligent and/or wrongful acts and/or omissions of Defendants' agents, servants, and/or employees, D.Q.'s statutory beneficiaries have suffered, and will continue to suffer, financial loss, loss of gifts, contributions, services, care, and support of decedent, and incurred medical expenses, funeral services and expenses, and other losses and damages, which shall be proven at trial.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of the decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000), which shall be proven at trial; (2) punitive damages in an amount to be determined at trial against Progressive and Nile; (3) pre- and post-judgment interest; (4) attorneys' fees and costs; and (5) such other and further relief as this Court may deem just and proper.

**COUNT II**
**Against the District, Progressive, and Nile Express**
**(Survival Action: Negligence)**

35. Paragraphs 1 through 34 are incorporated by reference as though fully set forth herein.

36. This survival action, and all claims in this Third Amended Complaint that may properly fall or are required to be brought within or pursuant to the D.C. Code relative to survival of actions, is brought by Plaintiff Brett E. Cohen, Esq. as the personal

and legal representative of the decedent, D.Q., pursuant to Section 12-101 of the D.C. Code, and is brought on behalf of the decedent's estate.

37. All acts and omissions of Defendants the District, Progressive, and Nile's agents, servants, and/or employees were carried out within the scope of their employment and/or agency while performing proprietary functions as agents, servants, and/or employees of Defendants, rendering Defendants legally and statutorily liable.

38. The aforesaid incident was caused by and was the direct, sole and proximate result of the negligence of Defendants' agents, servants, and/or employees.

39. Defendants, through their agents, servants, and/or employees, had a duty of care to monitor protect, safeguard, defend, care for, look after and rear D.Q. in a proper fashion with the degree of care and skill that a responsibly competent guardian/caregiver would have exercised under similar circumstances.

40. Defendants, through their agents, servants, and/or employees, breached the aforesaid duty of care and were negligent in the following ways, *inter alia*:

(a) Failure to maintain proper control of D.Q.;

(b) Failure to pay full time and attention to D.Q.;

(c) Failure to keep a proper lookout;

(d) Failure to maintain appropriate safety equipment.

41. Defendants never, at any relevant time herein, worked to secure an appropriate drop-off area for children, including D.Q., at its offices on Montana Avenue, N.E.

42. Defendants never, at any relevant time herein, worked to secure adequate parking at Progressive's offices on Montana Avenue, N.E.

43. Defendants failed to implement, maintain, and/or train their staff, employees, and contractors in standards for transporting youth entrusted in their care.

44. Defendants were required under applicable D.C. law and/or regulations that have a purpose of promoting safety to ensure, among other things that D.Q. (1) was properly seated while the vehicle in which he was traveling was in operation, (2) was provided with an escort on the vehicle, as needed, and (3) was securely fastened in age-appropriate and weight appropriate seat belts. *See, e.g.*, DCMR §§ 29-943, 29-995.

45. Defendants' failure to comply with applicable D.C. law and/or regulations that have a purpose of promoting safety constitutes negligence *per se*.

46. Defendants never, at any relevant time herein, arranged to have their staff escort children from the Nile transport van to the Progressive's building on Montana Avenue, N.E. On information and belief, such basic precautions are taken by virtually all other similar programs in and around the D.C. Metro area.

47. Defendants' disregard and failure to provide a drop-off area, failing to ensure a facility with proper parking, failing to escort children across a busy street demonstrated a wanton, outrageous, willful disregard, and recklessness in their duty of protecting the vulnerable children entrusted in their care. By virtue of the fact that Defendants' were aware at all times relevant hereto that D.Q. had a history of self-destructive behaviors (including running into the street to harm himself, jumping out of

moving vehicles, and other suicidal ideations and behaviors (and, therefore, was a high risk to himself during transportation), Defendants had a heightened duty of care to monitor, protect, safeguard, defend, care for andlook after D.Q. during transportation.

48. D.Q.'s death was a direct and proximate result of the aforesaid wrongful acts and negligence of Defendants' agents, servants, and/or employees;

49. D.Q. acted properly in all respects and was free from negligence in connection with this incident.

50. Between the time when the Green Chevrolet first struck D.Q. and the time of his death, D.Q. was conscious, aware of his impending death, and/or suffered extreme conscious physical, mental and emotional pain and suffering.

51. As a direct and proximate result of the negligence of Defendants' agents, servants, and/or employees, D.Q. suffered extreme physical pain and bodily injury, disfigurement, and/or deformity, physical and emotional suffering, inconvenience and discomfort, and mental anguish prior to his untimely and horrific death.

52. As a further direct and proximate result of the negligence of Defendants' agents, servants, and/or employees, D.Q. incurred medical and hospital expenses, as well as future loss of earning capacity.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Fifty Million Dollars ($50,000,000), which shall be proven at trial; (2) punitive damages

in an amount to be determined at trial against Progressive and Nile; (3) pre- and post-judgment interest; (4) attorneys' fees and costs; and (5) such other and further relief as this Court may deem just and proper.

**COUNT III**
**Against the District, Progressive and Nile**
**(Negligent Hiring, Training, and Supervision)**

53. Paragraphs 1 through 52 are incorporated by reference as though fully set forth herein.

54. Defendants the District, Progressive, and Nile were responsible for the hiring, training, and supervision of the administrators, counselors, employees, contractors, subcontractors, and employees of contractors, and subcontractors, and had a duty to hire, train, and supervise them properly.

55. Defendants did not take appropriate, reasonable, or required steps in hiring, training, and supervising their administrators, counselors, employees, contractors, subcontractors, and employees of contractors and subcontractors and therefore breached such duties.

56. For example, individual counselors, social workers, supervisors and other employees and agents of Defendants were, at all relevant times hereunder, unaware of rules, policies, and procedures applicable to taking care of the children under their control.

57. Defendants provided inadequate screening of administrators, counselors, employees, contractors, subcontractors, and employees of contractors and subcontractors,

failed to train them in methods of transporting youth entrusted in their care, and failed to train them in supervision of youth under their care with mental health needs including those being treated with psychotropic medications.

58. The District failed to monitor and safeguard its contracts with Progressive and Nile to ensure that these contractors had promulgated safety policies, trained on such safety policies, and ensured that it followed safety polices and/or adhered to a level of care such that children in their care, such as D.Q., to ensure his safety and to protect him from danger.

59. As a proximate result of this negligent screening, training, and supervision, and other matters described in this complaint, Defendants failed to provide D.Q. with the proper level of medication, failed to provide D.Q. with other necessary services, failed to properly supervise D.Q.'s behavior, and failed to take proper steps in transporting him.

60. Defendants were aware at all times relevant hereto that D.Q. had a history of irresponsible and/or self-destructive behaviors (including running into the street to harm himself, jumping out of moving vehicles, and other suicidal ideations and behaviors) (and, therefore, was a high risk to himself during transportation). Further, Defendants had a heightened duty of care to monitor, protect, safeguard, defend, care for and look after D.Q. during transportation.

61. In light of these known and foreseeable dangers, Defendants and their agents and employees negligently failed to take steps to ensure that the life of D.Q. was protected during transportation.

62. Such negligence and carelessness on the part of Defendants was a substantial factor in bringing about the severe and horrific pain, terror, suffering, and mental anguish inflicted on D.Q. and in depriving his siblings of his services, care, and companionship for the rest of their lives.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Five Million Dollars ($5,000,000), which shall be proven at trial; (2) punitive damages in an amount to be determined at trial against Progressive and Nile; (3) pre- and post-judgment interest; (4) attorneys' fees and costs; and (5) such other and further relief as this Court may deem just and proper.

**COUNT IV**
**Against William L. Woods**
**(Survival Action: Negligence)**

63. Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein.

64. This survival action is brought by Plaintiff Brett E. Cohen, Esq. as the personal and legal representative of the decedent, D.Q., pursuant to Section 12-101 of the D.C. Code, and is brought on behalf of the decedent's estate.

65. In the alternative, or to the extent not inconsistent with the allegations against the other Defendants, D.Q. was struck, injured, suffered, and died due to the negligence of William L. Woods.

66. In particular, at the time of the incident, Mr. Woods had a duty to maintain the operation of his vehicle in a safe manner.

67. At the time of the incident, Mr. Woods was driving at a speed that was unsafe given the prevailing traffic conditions in and around the 1900 block of Montana Avenue N.E.

68. Specifically, Mr. Woods was unable to control his speed, or stop in time, in order to avoid striking D.Q.

69. As a consequence of the active negligence of Mr. Woods in failing to control his vehicle, failing to obey the posted speed limit, failing to keep a proper lookout, and failing to stop in time to avoid striking D.Q., D.Q. was struck by Mr. Woods' vehicle, and ultimately suffered and died.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Five Million Dollars ($5,000,000), which shall be proven at trial; (2) pre- and post-judgment interest; (3) attorneys' fees and costs; and (4) such other and further relief as this Court may deem just and proper.

**COUNT V**
**Against the District and Progressive**
**(Violation of 42 U.S.C. § 1983 and**
**the Due Process Clauses of the U.S. Constitution)**

70. Paragraphs 1 through 69 are incorporated by reference as though fully set forth herein.

71. This Count arises under 42 U.S.C. § 1983 and the due process clauses of the U.S. Constitution.

72. At all times relevant hereto, the District. and Progressive were acting under color of laws of the District of Columbia.

73. At all times relevant hereto, the District and Progressive – based either on its own positions or functions or its contractual, agency or other relationship with the District – were state actors.

74. The District and Progressive were charged by Court Order with the sole legal custody and responsibility for the care and treatment of D.Q. This included providing the most basic of needs – a safe and secure place to live as well as adequate supervision and protection. The District and Progressive violated D.Q.'s right to safe conditions and security from physical harm – a right guaranteed by the due process clauses of the U.S. Constitution – and/or acted with deliberate indifference to that right, and/or failed to exercise professional judgment to protect that right.

75. The District and Progressive violated D.Q.'s right to adequate and appropriate medical and psychological care and treatment – a right guaranteed by the due process clauses of the U.S. Constitution, and/or acted with deliberate indifference to that right, and/or failed to exercise professional judgment to protect that right.

76. The dangers to which the conduct of the District and Progressive exposed D.Q. were known and foreseeable dangers.

77. The failures of the District and Progressive were based in and due to, among other things, their corporate customs, policies and practices and/or were due to their failure to adequately train and/or supervise their employees and agents. Such failures include those failures that have been described above.

78. As a proximate result of the foregoing deliberate indifference on the part of the District and Progressive acting under color of the laws of the District of Columbia, D.Q. suffered extreme, horrific pain and suffering, terror, and mental anguish, and D.Q.'s next of kin were deprived of D.Q.'s care, services, financial support and compansionship for the rest of their lives.

79. Because the aforementioned acts were conducted maliciously, wantonly, oppressively, and because the aforementioned injuries proximately resulted from the shocking, deliberate, and willfull indifference on the part of the District and Progressive toward the constitutional rights of a minor child (D.Q.) who was legally committed into their custody, the District and Progressive are liable to Plaintiff for compensatory damages in an amount not less than five million dollars, for punitive damages, and for attorneys' fees, costs, including cost of experts, incurred in connection with this action, pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff Brett E. Cohen, Esq., as personal and legal representative of decedent, D.Q., respectfully requests that the Court enter judgment in his favor and against Defendants, as follows: (1) compensatory damages in an amount not less than Five Million Dollars ($5,000,000), which shall be proven at trial; (2) punitive damages in

an amount to be determined at trial against Progressive; (3) pre- and post-judgment interest; (4) attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and (5) such other and further relief as this Court may deem just and proper.

**COUNT VI**
**Against Progressive and Nile**
**(Punitive Damages)**

80. Paragraphs 1 through 79 are incorporated by reference as though fully set forth herein.

81. Plaintiff pleads punitive damages to the extent allowed under the law and as a specific count to the extent a demand for punitive damages may be required to be separately pleaded. To clarify, Plaintiff's claims for punitive damages under this complaint, as amended, are against only Progressive and Nile and are not currently against the District and Mr. Woods.

82. As described more fully in the preceding paragraphs, the Defendants actions were outrageous, wanton, reckless, and/or with willful disregard of the safety and rights of D.Q. such that punitive damages should be awarded in favor of Plaintiff and against Defendants

WHEREFORE, Plaintiff seeks punitive damages in an amount to be determined at trial.

**Jury Demand**

Plaintiff respectfully demands a jury trial in this action.

Dated: March 4, 2008

Respectfully submitted,

BRETT E. COHEN, ESQ.
Personal and Legal Representative of the Estate of Dequan Chambers, Deceased

By: *//s// James C. Bailey*

James C. Bailey (# 462391)
Kathleen A. Behan (# 429072)
Jason H. Ehrenberg (# 469077)
BAILEY & EHRENBERG PLLC
1155 Connecticut Avenue N.W.
Suite 1100
Washington, D.C. 20036
T: (202) 787-3869
F: (202) 318-7071
jcb@becounsel.com
kab@becounsel.com
jhe@becounsel.com

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2008 a copy of the foregoing Plaintiff's Third Amended Complaint, were served via the Superior Court's electronic filing system upon the following:

Christopher Costabile
10555 Main Street
Suite 400
Fairfax, VA 22030

David Grimaldi
MARTELL, DONNELLY,
GRIMALDI & GALLAGHER
1900 L Street NW
Suite 401
Washington, D.C. 20036

Jeffrey R. DeCaro
DECARO, DORAN, SICILIANO,
GALLAGHER & DEBLASIS
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706

/s/ *James C. Bailey*

James C. Bailey

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| BRETT E. COHEN, ESQUIRE, as personal and legal representative of the estate of D.Q., deceased | : | |
| | : | Civil Action No.: 2007 CA 004904 B |
| Plaintiff | : | |
| | : | Judge Jeanette Clark |
| v. | : | |
| THE GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al. | : | |
| Defendants | : | |

**NOTICE OF FILING PETITION FOR REMOVAL**

To: Clerk, Superior Court for the District of Columbia

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Christopher Costabile, Esquire
10555 Main Street
Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W.
Suite 401
Washington, D.C. 20036

Notice is hereby given that on the 21st day of March, 2008, Progressive Life Center, an original Defendant in the above captioned action, filed in the United States District Court for the District of Columbia a Petition for Removal of the above captioned matter to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1343, and 1446,

together with a filing fee of $350.00, as required by law. A copy of the Petition is appended hereto and served together herewith.

Notice is further given that on the 21st day of March, 2008, Petitioner filed a copy of said Petition with the Clerk of the Superior Court of the District of Columbia as required by law.

Respectfully submitted,

DeCARO, DORAN, SICILIANO, GALLAGHER & DeBLASIS, LLP

/s/ Jeffrey R. DeCaro

Jeffrey R. DeCaro
D.C. Bar No. 350496
4601 Forbes Boulevard
Suite 200
Lanham, Maryland 20706
(301) 306-4300
jdecaro@decarodoran.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2008, a copy of the foregoing Notice of Removal was e-filed, to:

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Christopher Costabile, Esquire
10555 Main Street
Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W.
Suite 401
Washington, D.C. 20036

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro

I:\Common\WP\L4\JRD\Chambers\NoticeOfRemoval.wpd

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

BRETT E. COHEN, ESQUIRE, as personal and legal representative of the estate of D.Q., deceased

Plaintiff

v.

THE GOVERNMENT OF THE DISTRICT OF COLUMBIA, et al.

Defendants

Civil Action No.: 2007 CA 004904 B

Judge Jeanette Clark

**ANSWER OF DEFENDANT, PROGRESSIVE LIFE CENTER, TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW the Defendant, Progressive Life Center, by and through its attorneys, Jeffrey R. DeCaro, James S. Liskow, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and for Answer to the Third Amended Complaint filed herein, states as follows:

**FIRST DEFENSE**

The Third Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

This Court lacks jurisdiction over the subject matter of this action.

**THIRD DEFENSE**

This Court lacks jurisdiction over the person of each Defendant named herein.

**FOURTH DEFENSE**

The causes of action asserted by the Plaintiff did not accrue within the applicable statute or statutes of limitations.

**FIFTH DEFENSE**

Defendant affirmatively asserts that the injuries and/or damages allegedly sustained by the Plaintiff, Plaintiff's decedent, and/or Plaintiff's decedent's next of kin, were caused by the sole, concurring, or contributory negligence of Plaintiff's decedent.

**SIXTH DEFENSE**

Defendant affirmatively asserts that Plaintiff's decedent assumed the risk of his injuries and/or damages.

**SEVENTH DEFENSE**

The Third Amended Complaint fails to join a party in whose absence complete relief cannot be accorded among those already parties.

**EIGHTH DEFENSE**

Plaintiff's alleged injuries and/or damages were the result of prior and/or subsequent conditions or occurrences for which this Defendant is not responsible.

**NINTH DEFENSE**

Plaintiff's alleged injuries and/or damages were the result of superseding and/or intervening causes.

**TENTH DEFENSE**

1. Defendant admits the allegations as stated in paragraphs 3, 6, and 14 of the Third Amended Complaint.

2. Defendant denies the allegations as stated in paragraphs 1, 7, 9-13, 15-19, 22-34, 37-49, 51-52, 54-62, 71-79, 81, and 82 of the Third Amended Complaint.

3. Defendant has insufficient knowledge to either admit or deny the allegations stated in paragraphs 2, 8, 21, 36, 50, and 64 of the Third Amended Complaint, and will demand strict proof thereof at the time of trial.

4. In response to paragraph 4 of the Third Amended Complaint, Defendant admits that Progressive Life Center is a 501(c)(3) non-profit organization licensed in the District of Columbia, but denies the remaining allegations in paragraph 4.

5. In response to paragraph 5 of the Third Amended Complaint, Defendant admits that Nile Express Transport, Inc. provided certain transportation services to and on behalf of clients who needed transportation to the Progressive Life Center office located on Montana Avenue, N.E., including D.Q., but denies the existence of a written contract as between Nile and Progressive Life Center.

6. Defendant does not respond to paragraphs 65-69 as those allegations are directed to another Defendant.

7. In response to paragraphs 20, 35, 53, 63, 70, and 80 of the Third Amended Complaint, Defendant adopts and reincorporates its responses to paragraphs 1 through 79 of the Third Amended Complaint.

**ELEVENTH DEFENSE**

Defendant intends to rely on all legal and factual defenses not heretofore mentioned, including but not limited to: absence of legal duty; absence of primary negligence; lack of proximate cause; intervening or superseding cause; laches; nonjoinder; misjoinder; improper venue; and forum non conveniens.

**TWELFTH DEFENSE**

Defendant specifically denies any and all allegations that it failed to provide, or secure, adequate parking at Progressive's offices on Montana Avenue, N.E.

**THIRTEENTH DEFENSE**

Defendant specifically denies any and all allegations that it failed to provide precautions for the safety of their clients, or that it failed to provide a safe area for the drop-off and pick-up of clients who received treatment at the Montana Avenue office of Progressive Life Center.

**FOURTEENTH DEFENSE**

Defendant specifically denies any and all allegations that it had a special relationship with D.Q., or that it owed a special duty of care to protect D.Q. from injury.

**FIFTEENTH DEFENSE**

Defendant specifically denies any and all allegations that it assumed any contractual duties to D.Q., or that it breached any contractual duties owed to D.Q.

**SIXTEENTH DEFENSE**

Defendant specifically denies any and all allegations that it acted in a wanton or reckless manner, or with willful disregard for the safety of D.Q.

**SEVENTEENTH DEFENSE**

Defendant specifically denies that Plaintiff has any factual or legal basis for an award of punitive or exemplary damages.

## EIGHTEENTH DEFENSE

Defendant affirmatively asserts that the injuries and damages allegedly sustained by the Plaintiff, and by Plaintiff's decedent, were caused by a person or persons over whom these Defendants had no control or right or duty of control.

## NINETEENTH DEFENSE

Defendant specifically denies Plaintiff's allegations that it was acting under color of state law, and further denies that it committed any act or omission which directly, or indirectly, amounted to a violation of Plaintiff's decedent's rights under 42 U.S.C. §1983.

## TWENTIETH DEFENSE

Defendant specifically denies that Plaintiff has any factual or legal basis for an award of attorneys' fees, costs, expert fees, or other litigation-related expenses under 42 U.S.C. §1988.

## TWENTY-FIRST DEFENSE

Defendant affirmatively asserts that it is entitled to governmental and/or sovereign immunity based on the public duty doctrine, the governmental function doctrine, and the discretionary immunity doctrine.

## TWENTY-SECOND DEFENSE

Defendant generally denies any and all allegations of negligence, breach of contract, breach of special duty, failure to comply with statutory obligations, or other negligent or intentional misconduct as alleged in the Plaintiff's Third Amended Complaint, and further submits that it did not act, or fail to act, in any manner which proximately caused the Plaintiff's alleged injuries and/or damages.

WHEREFORE, the Plaintiff's Third Amended Complaint having been fully answered, Defendant respectfully prays that the Third Amended Complaint be dismissed with costs to be adjudged against the Plaintiff, or for such other relief as this Court may deem just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro
D.C. Bar No.: 350496
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
(301) 306-4300
jdecaro@decarodoran.com

/s/ James S. Liskow
James S. Liskow
D.C. Bar No.: 501930
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
(301) 306-4300
jliskow@decarodoran.com

**REQUEST FOR JURY TRIAL**

Defendant, Progressive Life Center, through counsel, respectfully requests a trial by jury as to all issues herein.

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of March, 2008, a copy of the foregoing Answer of Defendant, Progressive Life Center, to Plaintiff's Third Amended Complaint, was served electronically, to:

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Christopher Costabile, Esquire
10555 Main Street
Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W.
Suite 401
Washington, D.C. 20036

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro

I:\Common\WP\L4\JRD\Chambers\AnswertoThirdAmendedComplaint.wpd

08-480 RMC

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Brett E. Cohen, Esq. As Personal and Legal Representative of The Estate of D.Q., Deceased

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**DEFENDANTS**

The Government of the District of Columbia, Progressive Life Center, Nile Express Transport, Inc. and William Woods

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

James C. Bailey, Esq. /Jason H. Ehrenberg, Esq.
Bailey & Ehrenberg PLLC
1155 Connecticut Avenue N.W., Suite 1100
Washington, D.C. 20036
(202) 787-3869

ATTO[illegible]

Jeffre[illegible]
DeCa[illegible]
4601
Lanh[illegible]
Attorr[illegible]

Case: 1:08-cv-00480
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/21/2008
Description: Civil Rights-Non-Employ.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**○ A. *Antitrust***

- ☐ 410 Antitrust

**○ B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. *Administrative Agency Review***

- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. *General Civil (Other)*** **OR** **○ F. *Pro Se General Civil***

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

– ○ –

| O G. *Habeas Corpus/ 2255* | O H. *Employment Discrimination* | O I. *FOIA/PRIVACY ACT* | O J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O K. *Labor/ERISA (non-employment)* | ⦿ L. *Other Civil Rights (non-employment)* | O M. *Contract* | O N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding ⦿ 2 Removed from State Court O 3 Remanded from Appellate Court O 4 Reinstated or Reopened O 5 Transferred from another district (specify) O 6 Multi district Litigation O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. 1331, 1343, 1441 - Removal of case alleging civil rights violations under 42 U.S.C. 1983

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** $50,000,000.00 Check YES only if demanded in complaint **JURY DEMAND:** YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** 3/21/08 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN
Plaintiff

v.

Civil Action No. 08 0480

MAR 21 2008

THE GVT. OF D.C. ET AL
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge COLLYER, J. RMC. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By [signature]
Deputy Clerk

cc: JAMES C. BAILEY

929A
Rev. 7/02