### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| Brett E. Cohen, Esquire, As Personal and Legal Representative of the Estate of Dequan Chambers, Deceased | * |
| Plaintiff | *  Case No.: 1:08-cv-00480 |
| v. | * |
| Nile Express Transport, Inc., et al. | * |
| Defendants | |

### ANSWER TO THIRD AMENDED COMPLAINT

The Defendant, Nile Express Transport, Inc., by and through Counsel, in response to plaintiff's Third Amended Complaint states as follows:

1.  Defendant agrees that jurisdiction is appropriate in this court as alleged in paragraph one of the Third Amended Complaint.

### Parties

2.  The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 2 and therefore demands strict proof thereof.

3.  Defendant admits the allegations in Paragraph 3.

4.  The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore demands strict proof thereof.

5.  The Defendant admits it is a Company that at the time of this accident provided transportation services to the individuals at the request of the District of Columbia, but denies it had a contract with Progressive as alleged in paragraph 5.

6.  Defendant admits the allegations of paragraph 6.

## FACTS

7. Defendant is without sufficient information to admit or deny the allegation contained in paragraph 7.

8. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore demands strict proof thereof.

9. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore demands strict proof thereof.

10. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and therefore demands strict proof thereof.

11. The Defendant denies the allegations contained in Paragraph 11 as they pertain to this defendant and has insufficient information to admit or deny the allegations as to Progressive or the District knew or should have known and therefore demands strict proof thereof.

12. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12.

13. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13.

14. Defendant admits the allegations of paragraph 14.

15. The Defendant denies that plaintiff was in the custody of its employees at the time of the accident and while defendant was attempting to take him to the Progressive facility, defendant cannot admit or deny whether the deceased was "on his way to Progressive's offices" as alleged in paragraph 15.

16. The Defendant admits that at the time of the accident he had already exited its vehicle, and admits that the accident occurred when the deceased was crossing Montana Avenue, but is without sufficient information to admit or deny the allegations contained in Paragraph 16 regarding what he was attempting to do with regard to the Progressive facility.

17. The Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 17 and therefore demands strict proof thereof.

18. The Defendant denies the allegations contained in Paragraph 18 as they pertain to the duties or relationship of this defendant to the deceased and assert that this defendant has insufficient knowledge to admit or deny the nature of the relationship between D.Q. and other defendants.

19. The Defendant denies the allegations contained in Paragraph 19 as they pertain to the duties or relationship of this defendant to the deceased and assert that this defendant has insufficient knowledge to admit or deny the nature of the relationship between D.Q. and other defendants.

COUNT I
Against All Defendants
(Wrongful Death:  Negligence)

20. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 19 as if each were restated herein.

21. The allegations contained in Paragraph 21 merely assert the legal basis for the claim and as such, require no response.

22. The Defendant denies the allegations contained in Paragraph 22 as they apply to this defendant and therefore demands strict proof thereof.

23. The Defendant denies the allegations contained in Paragraph 23 as they apply to this defendant and therefore demands strict proof thereof.

24. The Defendant denies the allegations contained in Paragraph 24 as they apply to this defendant and therefore demands strict proof thereof.

25. The Defendant denies the allegations Paragraph 25 as they apply to this defendant and therefore demands strict proof thereof.

26. The Defendant denies the allegations contained in Paragraph 26 as they apply to this defendant and therefore demands strict proof thereof.

27. The Defendant denies the allegations contained in Paragraph 27 and therefore demands strict proof thereof.

28. The Defendant denies the allegations contained in Paragraph 28 as they apply to this defendant and therefore demands strict proof thereof.

29. The Defendant denies the allegations contained in Paragraph 29 as they apply to this defendant and therefore demands strict proof thereof.

30. The Defendant denies the allegations contained in Paragraph 30 as they apply to this defendant and therefore demands strict proof thereof.

31. The Defendant denies the allegations contained in Paragraph 31 as they apply to this defendant and therefore demands strict proof thereof.

32. The Defendant denies the allegations contained in Paragraph 32 as they apply to this defendant and therefore demands strict proof thereof.

33. The Defendant denies the allegations contained in Paragraph 33.

34. The Defendant denies the allegations contained in Paragraph 34 as they apply to this defendant and therefore demands strict proof thereof.

Count II
Against the District, Progressive and Nile Express
(Survival Action: Negligence)

35. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 34 as if each were restated herein.

36. The allegations contained in Paragraph 36 merely assert the legal basis for the claim and as such, require no response.

37. The Defendant denies the allegations contained in Paragraph 37 as they apply to this defendant and therefore demands strict proof thereof.

38. The Defendant denies the allegations contained in Paragraph 38 as they apply to this defendant and therefore demands strict proof thereof.

39. The Defendant denies the allegations contained in Paragraph 39 as they apply to this defendant and therefore demands strict proof thereof.

40. The Defendant denies the allegations contained in Paragraph 40 as they apply to this defendant and therefore demands strict proof thereof.

41. The Defendant denies the allegations contained in Paragraph 41 as they apply to this defendant and therefore demands strict proof thereof.

42. The Defendant denies the allegations contained in Paragraph 42 as they apply to this defendant.

43. The Defendant denies the allegations contained in Paragraph 43 as they apply to this defendant and therefore demands strict proof thereof.

44. The Defendant denies the allegations contained in Paragraph 44 as they apply to this defendant and therefore demands strict proof thereof.

45. The Defendant denies the allegations contained in Paragraph 45 as they apply to this defendant and therefore demands strict proof thereof.

46. The Defendant denies the allegations contained in Paragraph 46 as they apply to this defendant and therefore demands strict proof thereof.

47. The Defendant denies the allegations contained in Paragraph 47 as they apply to this defendant and therefore demands strict proof thereof.

48. The Defendant denies the allegations contained in Paragraph 48 as they apply to this defendant and therefore demands strict proof thereof.

49. The Defendant denies the allegations contained in Paragraph 49.

50. The Defendant has insufficient information on which to admit or deny the allegations contained in Paragraph 50 and therefore demands strict proof thereof.

51. The Defendant denies the allegations contained in Paragraph 51 as they apply to this defendant and therefore demands strict proof thereof.

52. The Defendant denies the allegations contained in Paragraph 52 as they apply to this defendant and therefore demands strict proof thereof.

Count III
Against the District, Progressive and Nile
(Negligent Hiring, Training, and Supervision)

53. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 52 as if each were restated herein.

54. Defendant admits it was responsible for hiring, training and supervising its employees but denies it had an obligation for hiring, training and supervising any other employee of any other defendant as alleged in paragraph 54.

55. Defendant denies the allegations of paragraph 55 to the extent those allegations apply to this defendant.

56. Defendant has insufficient information to admit or deny the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57 to the extent those allegations apply to this defendant

58. Defendant has insufficient information to admit or deny the allegations of paragraph 58.

59. Defendant denies the allegations of paragraph 59 to the extent those allegations apply to this defendant.

60. Defendant denies the allegations of paragraph 60 to the extent those allegations apply to this defendant.

61. Defendant denies the allegations of paragraph 61 to the extent those allegations apply to this defendant.

62. Defendant denies the allegations of paragraph 62 to the extent those allegations apply to this defendant.

Count IV
Against William L. Woods
(Survival Action: Negligence)

63. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 62 as if each were restated herein.

64. The allegations contained in Paragraph 64 merely assert the legal basis for the claim and as such, require no response.

65-69. Defendant has insufficient information to admit or deny the allegations of paragraphs 65; 66; 67; 68 and 69 and therefore demand strict proof thereof.

Count V
Against the District and Progressive
(Violation of 42 U.S.C. Section 1983 and the
Due Process Clauses of the U.S. Constitution)

70. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 69 as if each were restated herein.

71. The allegations contained in Paragraph 71 merely assert the legal basis for the claim and as such, require no response.

72-79. Defendant has insufficient information to admit or deny the allegations of paragraphs 72; 73; 74; 75; 76; 77; 78; and 79 of the Complaint and therefore demands strict proof thereof.

Count VI
Against Progressive and Nile
(Punitive Damages)

80. The Defendant hereby reaffirms and reincorporates by reference its Answers to Paragraphs 1 through 79 as if each were restated herein.

81-82. Defendant denies the allegations contained in paragraphs 81 and 82 to the extent those allegations apply to this defendant.

Any allegations not specifically admitted are hereby denied.

The Defendant re-asserts the following affirmative defenses:

1. The claims of the Third Amended Complaint are barred by Plaintiff's decedent's primary and/or contributory negligence;

2. The claims of the Third Amended Complaint are barred by Plaintiff's decedent's Assumption of the Risk;

3. Claims of the Third Amended Complaint resulted from the negligence of a third party over whom this Defendant had no control;

4. All other affirmative defenses that may arise during the course of discovery in this matter.

WHEREFORE, having fully answered the Defendant prays that this cause of action be dismissed as against it and its costs on its behalf expended.

## JURY DEMAND

Defendant demands trial by a jury of eight (8) as to all issues raised herein.

Respectfully submitted,

NILE EXPRESS TRANSPORT, INC.
By Counsel

_/s/_
Christopher R. Costabile, Esquire
VA Bar No. 39458
Counsel for Defendant Nile Express Transport
Law Office of Christopher Costabile
10555 Main Street, Suite 400
Fairfax, Virginia 22030
(703) 273-2777
(703) 691-4288-Fax
christopher.costabile@libertymutual.com

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 2nd day of April, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James C. Bailey, Esquire
Kathleen A. Behan, Esquire
Jason H. Ehrenberg, Esquire
1155 Connecticut Avenue, NW
Suite 1100
Washington, DC 20036
Counsel for Plaintiff
jcb@becounsel.com
kab@becounsel.com
jhe@becounsel.com

Jeffrey DeCaro, Esquire
James S. Liskow, Esquire
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
Counsel for Defendant Progressive Life Center
jdecaro@decarodoran.com
jliskow@decarodoran.com

David Grimaldi, Esquire
1900 L Street, N.W.
Suite 401
Washington, DC 20036
Counsel for William L. Woods
l.hendricks@mdgg.com

Ruth Frances Vadi, Esquire
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
Counsel for the District of Columbia
rvadi@hpklegal.com

    /s/
Christopher R. Costabile, Esquire
VA Bar No. 39458
Counsel for Defendant Nile Express Transport
Law Office of Christopher Costabile
10555 Main Street, Suite 400
Fairfax, Virginia 22030
(703) 273-2777; (703) 691-4288-Fax
christopher.costabile@libertymutual.com