IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRETT E. COHEN, ESQUIRE, : | |
| as personal and legal representative of : | |
| the estate of D.Q., deceased, : | |
| : | |
| Plaintiff : | |
| : | Case No.:   1:08-cv-00480 RMC |
| v. : | |
| : | |
| THE GOVERNMENT OF THE : | |
| DISTRICT OF COLUMBIA, et al. : | |
| : | |
| Defendants : | |

**AMENDED ANSWER OF DEFENDANT, PROGRESSIVE LIFE CENTER, TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW the Defendant, Progressive Life Center, by and through its attorneys, Jeffrey R. DeCaro, James S. Liskow, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and for an Amended Answer to the Third Amended Complaint filed herein, states as follows:

**FIRST DEFENSE**

The Third Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant affirmatively asserts that the injuries and/or damages allegedly sustained by the Plaintiff, Plaintiff's decedent, and/or Plaintiff's decedent's next of kin, were caused by the sole, concurring, or contributory negligence of Plaintiff's decedent.

**THIRD DEFENSE**

Defendant affirmatively asserts that Plaintiff's decedent assumed the risk of his injuries and/or damages.

## FOURTH DEFENSE

Plaintiff's alleged injuries and/or damages were the result of prior and/or subsequent conditions or occurrences for which this Defendant is not responsible.

## FIFTH DEFENSE

Plaintiff's alleged injuries and/or damages were the result of superseding and/or intervening causes.

## SIXTH DEFENSE

1. Defendant admits the allegations as stated in paragraphs 3, 6, and 14 of the Third Amended Complaint.

2. Defendant denies the allegations as stated in paragraphs 1, 7, 9-13, 15-19, 22-34, 37-49, 51-52, 54-62, 71-79, 81, and 82 of the Third Amended Complaint.

3. Defendant has insufficient knowledge to either admit or deny the allegations stated in paragraphs 2, 8, 21, 36, 50, and 64 of the Third Amended Complaint, and will demand strict proof thereof at the time of trial.

4. In response to paragraph 4 of the Third Amended Complaint, Defendant admits that Progressive Life Center is a 501(c)(3) non-profit organization licensed in the District of Columbia, but denies the remaining allegations in paragraph 4.

5. In response to paragraph 5 of the Third Amended Complaint, Defendant admits that Nile Express Transport, Inc. provided certain transportation services to and on behalf of clients who needed transportation to the Progressive Life Center office located on Montana Avenue, N.E., including D.Q., but denies the existence of a written contract as between Nile and Progressive Life Center.

6. Defendant does not respond to paragraphs 65-69 as those allegations are directed to another Defendant.

7. In response to paragraphs 20, 35, 53, 63, 70, and 80 of the Third Amended Complaint, Defendant adopts and reincorporates its responses to paragraphs 1 through 79 of the Third Amended Complaint.

### SEVENTH DEFENSE

Defendant intends to rely on all legal and factual defenses not heretofore mentioned, including but not limited to: absence of legal duty; absence of primary negligence; lack of proximate cause; intervening or superseding cause; laches; nonjoinder; misjoinder; improper venue; and forum non conveniens.

### EIGHTH DEFENSE

Defendant specifically denies any and all allegations that it failed to provide, or secure, adequate parking at Progressive's offices on Montana Avenue, N.E.

### NINTH DEFENSE

Defendant specifically denies any and all allegations that it failed to provide precautions for the safety of their clients, or that it failed to provide a safe area for the drop-off and pick-up of clients who received treatment at the Montana Avenue office of Progressive Life Center.

### TENTH DEFENSE

Defendant specifically denies any and all allegations that it had a special relationship with D.Q., or that it owed a special duty of care to protect D.Q. from injury.

**ELEVENTH DEFENSE**

Defendant specifically denies any and all allegations that it assumed any contractual duties to D.Q., or that it breached any contractual duties owed to D.Q.

**TWELFTH DEFENSE**

Defendant specifically denies any and all allegations that it acted in a wanton or reckless manner, or with willful disregard for the safety of D.Q.

**THIRTEENTH DEFENSE**

Defendant specifically denies that Plaintiff has any factual or legal basis for an award of punitive or exemplary damages.

**FOURTEENTH DEFENSE**

Defendant affirmatively asserts that the injuries and damages allegedly sustained by the Plaintiff, and by Plaintiff's decedent, were caused by a person or persons over whom these Defendants had no control or right or duty of control.

**FIFTEENTH DEFENSE**

Defendant specifically denies Plaintiff's allegations that it was acting under color of state law, and further denies that it committed any act or omission which directly, or indirectly, amounted to a violation of Plaintiff's decedent's rights under 42 U.S.C. §1983.

**SIXTEENTH DEFENSE**

Defendant specifically denies that Plaintiff has any factual or legal basis for an award of attorneys' fees, costs, expert fees, or other litigation-related expenses under 42 U.S.C. §1988.

**SEVENTEENTH DEFENSE**

Defendant affirmatively asserts that it is entitled to governmental and/or sovereign immunity based on the public duty doctrine, the governmental function doctrine, and the discretionary immunity doctrine.

**EIGHTEENTH DEFENSE**

Defendant generally denies any and all allegations of negligence, breach of contract, breach of special duty, failure to comply with statutory obligations, or other negligent or intentional misconduct as alleged in the Plaintiff's Third Amended Complaint, and further submits that it did not act, or fail to act, in any manner which proximately caused the Plaintiff's alleged injuries and/or damages.

WHEREFORE, the Plaintiff's Third Amended Complaint having been fully answered, Defendant respectfully prays that the Third Amended Complaint be dismissed with costs to be adjudged against the Plaintiff, or for such other relief as this Court may deem just and proper.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, LLP


/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro
D.C. Bar No.: 350496
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
(301) 306-4300
jdecaro@decarodoran.com


/s/ James S. Liskow
James S. Liskow
D.C. Bar No.: 501930
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706
(301) 306-4300
jliskow@decarodoran.com

## **REQUEST FOR JURY TRIAL**

Defendant, Progressive Life Center, through counsel, respectfully requests a trial by jury as to all issues herein.

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of April, 2008, a copy of the foregoing Amended Answer of Defendant, Progressive Life Center, to Plaintiff's Third Amended Complaint, was served electronically, to:

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C. 20036

Christopher Costabile, Esquire
10555 Main Street
Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W.
Suite 401
Washington, D.C. 20036

Barry Bach, Esquire
Ruth Vadi, Esquire
Hodes, Ulman, Pessin & Katz
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

/s/ Jeffrey R. DeCaro
Jeffrey R. DeCaro

I:\Common\WP\L4\JRD\Chambers\AmendedAnswertoThirdAmendedComplaint.wpd