UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQUIRE, :
as personal and legal representative of :
the estate of D.Q., deceased :
: Case No.: 1:08-CV-00480-RMC
    Plaintiff :
:
v. :
:
THE GOVERNMENT OF THE :
DISTRICT OF COLUMBIA, et al. :
:
    Defendants :

## ANSWER TO AMENDED COMPLAINT ON BEHALF OF THE GOVERNMENT OF THE DISTRICT OF COUMBIA, ONE OF THE DEFENDANTS

Now comes The Government of the District of Columbia (the "District of Columbia"), one of the Defendants, by its undersigned counsel, and for answer to the Third Amended Complaint and to any and all claims set forth against it therein, states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against this Defendant.

### SECOND DEFENSE

The Plaintiff's claims were caused by the sole, concurring or contributory negligence of Plaintiff's decedent (hereinafter "D.Q.")

### THIRD DEFENSE

The Plaintiff's claims are barred by the doctrine of assumption of the risk.

## FOURTH DEFENSE

The alleged injuries or damages of D.Q. were the result of superseding or intervening causes.

## FIFTH DEFENSE

The District of Columbia enjoys immunity from liability for the claims set forth in Counts I, II and III.

## SIXTH DEFENSE

The District of Columbia enjoys a qualified immunity from liability for the claims set forth in Counts I, II and III.

## SEVENTH DEFENSE

The Plaintiff is not entitled to recover punitive damages against the District of Columbia under the provisions of 42 U.S.C. Section 1983.

## EIGHTH DEFENSE

Further answering the allegations each paragraph of the Complaint,

1. The defendant is not required to respond to the jurisdictional allegations averred in paragraph 1.

2. The District of Columbia lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first and last sentences of paragraph 2. This Defendant admits the averments set forth in the second sentence of this paragraph and that D.Q. was a ward of the District of Columbia. This Defendant denies each and every remaining averment set forth in this paragraph.

3.  This Defendant admits it is a municipal corporation and that D.C. §1-102 speaks for itself. The averments of paragraph 3 are denied insofar as they are inconsistent with said provision.

4.  This Defendant admits that Progressive Life Center (hereinafter "Progressive") is licensed as a child placement agency in the District of Columbia; that Progressive has an address in the District of Columbia; that Progressive offers a foster care program and child placement services, which include clinical and case management activities, and that Progressive's program serves children from birth through 20 years of age. This Defendant lacks knowledge or information sufficient to form a belief about the truth of Progressive's non-profit status, its out-of-District of Columbia activities, or those averments set forth in the last sentence of this paragraph. This Defendant denies each and every remaining averment contained in paragraph 4.

5.  This Defendant admits that Nile provides transportation services to the District of Columbia and Progressive. This defendant denies each and every remaining averment set forth in paragraph 5.

6.  Admitted.

7.  The averments of paragraph 7 are subject to the confidentiality provisions of the D.C. Code and the D.C. Municipal Regulations ("DCMR").[1] A Confidentiality and Protective

---

[1] Many of the averments of Third Amended Complaint concern matters that are subject to confidentiality pursuant to the D.C. Code and the DCMR and cannot be disclosed without the entry of an appropriate confidentiality and protective order. That order is in the process of being prepared and submitted to the Court. In responding to the paragraphs of the Complaint, the District of Columbia will refer to that confidentiality and inability to respond due to the applicable statutory and regulatory provisions as simply "subject to Confidentiality."

Order is in process and upon the entry of a Confidentiality and Protective Order, information concerning the averments set forth in this paragraph will be provided to Plaintiffs.

8. The facts asserted in paragraph 8 are subject to Confidentiality.

9. The facts asserted in paragraph 9 are subject to Confidentiality.

10. This Defendant admits the averments of the first two sentences of paragraph 10. With respect to the last sentence, this Defendant admits that the contract speaks for itself and specifically denies the averments of this paragraph to the extent that they depart from the subject contract.

11. The facts as asserted in paragraph 11 are subject to Confidentiality.

12. The facts asserted in paragraph 12 are subject to Confidentiality.

13. The facts asserted in paragraph 13 are subject to Confidentiality.

14. Admitted.

15. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the averment concerning D.Q.'s destination at the time of the occurrence. The averment concerning D.Q.'s alleged therapy session is subject to Confidentiality. This Defendant denies each and every remaining averment set forth in paragraph 15.

16. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments concerning D.Q.'s intended destination at the time of the occurrence. This Defendant admits that Progressive's offices were located at 1933 Montana Avenue, N.E. This Defendant denies each and every remaining averment set forth in paragraph 16.

17. This Defendant admits the averments set forth in the second sentence of paragraph 17. This defendant denies each and every remaining averment set forth in this paragraph.

18. Denied.

19. Denied.

20. This Defendant repeats, re-alleges and incorporates by reference herein, each and every answer set forth in paragraphs 1-19.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. This Defendant admits that the applicable regulations speak for themselves. Insofar as the averments of paragraph 30 are inconsistent with the regulations, they are denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. This defendant repeats, re-alleges and incorporates by reference herein, its responses to paragraphs 1-34. This Defendant admits that the referenced D.C. Code provisions speak for themselves and denies the averments of paragraph 35 insofar as they are inconsistent with such D.C. Code provisions.

36. Admitted

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. This defendant admits that the DCMR provisions speak for themselves and denies the averments of paragraph 44 insofar as they are inconsistent with such regulations.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. This Defendant repeats, re-alleges and incorporates by reference herein its responses to paragraphs 1-52.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63-69. Inapplicable to this Defendant.

70. This Defendant repeats, re-alleges and incorporates by reference herein, its responses to paragraphs 1-62.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80-82. Not applicable to this defendant.

/s/
Ruth F. Vadi, DC Bar No. 482465
Barry Bach (*pro hac vice*)
HODES, PESSIN & KATZ
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
(410) 938-8800

Attorneys for the Government of the District of Columbia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of April, 2008, a copy of the foregoing was electronically served, to:

Jeffrey R. DeCaro, Esq.
DeCaro, Doran, Siciliano,
 Gallagher & DeBlasis, LLP
4601 Forbes Blvd., Suite 200
Lanham, MD 20706

James C. Bailey, Esq.
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Christopher Costabile, Esq.
10555 Main Street, Suite 400
Fairfax, VA 22030

David F. Grimaldi, Esq.
Martell, Donnelly, Grimaldi
 & Gallagher
1900 L Street, N.W., Suite 401
Washington, DC 20036

/s/
Ruth F. Vadi, DC Bar No. 482465
