UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQUIRE,                       :
as personal and legal representative of        :
the estate of D.Q., deceased                   :
                                               :       Case No.:  1:08-CV-00480-RMC
        Plaintiff                              :
                                               :
v.                                             :
                                               :
THE GOVERNMENT OF THE                          :
DISTRICT OF COLUMBIA, et al.                    :
                                               :
        Defendants                             :

## CONSENT MOTION FOR CONFIDENTIALITY AND PROTECTIVE ORDER

Now comes  The Government of the District of Columbia (the " District of Columbia"),
one of the Defendants, and with the consent of Brett E. Cohen, Esq., as Personal and Legal
Representative of the Estate of D.Q. (collectively "D.Q."),Plaintiff and  Progressive Life Center
("Progressive"), Nile Express Transport, Inc. ("Niles"), and William Woods ("Woods"),
Defendants (collectively, the "Defendants"), through their undersigned counsel move, pursuant
to Federal Rule of Civil Procedure 26 (c), for a Confidentiality and Protective Order (1)
authorizing the disclosure of certain confidential documents and facts to and by the District of
Columbia, and (2)  requiring confidentiality as to such confidential documents and facts, and for
reasons states

1.      This case arises out of the death of a child who died while he was a ward of the
District of Columbia and/or other Defendants. The child, D.Q., was attempting to cross
Montana Avenue when he was struck by a vehicle being driven by Woods.

2.      D.Q. had a minor brother, J.C., who is also a ward of the District of Columbia.
At various times relevant to this case, J.C. and D.Q. resided in the same foster home, or were

kept in foster care together.

3.    In addition to J.C., Plaintiff's decedent had three (3) other minor siblings who are also wards of the District of Columbia.

4.    Some of the parties have exchanged written discovery prior to removal of the case to this Court while this case was pending in the D.C. Superior Court which called for the production, among other things, of all documents pertaining to the care, treatment, and custody of D.Q., including any and all records relating to his foster care, his placement in foster homes, the provision of mental health counseling, and other related social services.

5.    As such, the documents requested in discovery include D.Q.'s juvenile case records, mental health records, foster care records, social service reports, and other confidential records.

6.    The documents heretofore requested in discovery and presumably to be requested in additional discovery, both written and oral, also include references to other minors within the care and custody of the Child and Family Services Agency of the D.C. Government ("CFSA").

7.    As much of the records and information requested to date in discovery and will be requested in the future are protected by statute and otherwise from disclosure, and include confidential juvenile records of D.Q. and other minors, see D.C. Code § 4-1303.06 (2007 Supp.), the parties herein request that this Court enter an Order, directing that all confidential information and records  be released to counsel of record for the D.C. Government and that such counsel be authorized to disclose such records and information, to the extent that information and records are discoverable and not privileged, to counsel of record for the parties in this case as set forth in the Confidentiality and Protective Order (the "Order") filed contemporaneously herewith.

2

8.    Further that the District of Columbia be granted leave to redact from such records the names of other juveniles' family members or caretakers and the personal information of any persons other than D.Q., including home addresses, home or personal phone numbers, personal e-mail addresses, dates of birth and Social Security Numbers.

9.    And further that the disclosure of documents to the parties be subject to the provisions of the Order attached hereto.

Respectfully submitted,


_____/s/_____
Ruth F. Vadi, DC Bar No. 482465
Barry Bach (*pro hac vice*)
HODES, PESSIN & KATZ
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
(410) 938-8800

Attorneys for the Government of the District of Columbia


_____/s/_____
Jeffrey R. DeCaro, Esq.
DECARO, DORAN, SICILIANO,
GALLAGHER & DEBLASIS, LLP
4601 Forbes Blvd., Suite 200
Lanham, MD  20706
301-306-4318

Attorney for Defendant Progressive Life Center, Inc.


3

_____/s/_____

Christopher Costabile
10555 Main Street, Suite 400
Fairfax, VA 22030
703-273-2777


Attorney for Defendant Nile Express Transport



_____/s/_____

David F. Grimaldi
MARTELL, DONNELLY, GRIMALDI
& GALLAGHER
1900 L Street, N.W., Suite 401
Washington, DC 20036
202-293-0830


Attorney for Defendant William Woods




_____/s/_____

James C. Bailey
Kathleen A. Behan
BAILEY & EHRENBERG, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Attorney for Plaintiff, Brett E. Cohen, Esq.,
as Personal and Legal Representative of the
Estate of Dequan Chambers, Deceased

4

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQUIRE,                          :
as personal and legal representative of           :
the estate of D.Q., deceased                      :
                                                  :        Case No.:  1:08-CV-00480-RMC
        Plaintiff                                 :
                                                  :
                                                  :
vi.                                               :
                                                  :
THE GOVERNMENT OF THE                             :
DISTRICT OF COLUMBIA, et al.                       :
                                                  :
        Defendants                                :

## CONFIDENTIALITY AND PROTECTIVE ORDER

Upon consideration of the Motion for and Order of Confidentiality and Protective

Order, the consent of the parties hereto, and the applicable law, it is this _____ day of

_____ , 2008, ORDERED:

### 1. Disclosure to Counsel of Record

(a)    That counsel of record for the District of Columbia shall be granted authority to review, copy, and to utilize solely for the purposes of this litigation, the records maintained by District of Columbia agencies concerning the subject matter of this action and pertaining to D.Q.  Said agencies include but are not limited to the Office of the Attorney General (excluding attorney-work product or matters subject to attorney-client privilege), Child and Family Services Agency for the District of Columbia, and Metropolitan Police Department and the Superior Court of the District of Columbia.

(b)    That the custodians of the records for Children and Family Services Agency for the District of Columbia, the Family Division of the Superior Court, and other District of Columbia agencies shall make these records available for inspection and copying by counsel of record for the District of Columbia.

(c) That Counsel of record for the District of Columbia shall provide, in the course of discovery in this action, documents and information referenced in paragraphs (a) and (b) herein to counsel of record to the parties to this action to the extent that such documents and information are sought by other parties in discovery, are discoverable and are not privileged.

(d) That the District of Columbia is granted leave to redact from such records the names of other juveniles, family members or caretakers and the

personal information of any persons other than D.Q. including home addresses, home or personal phone numbers, personal e-mail addresses, dates of birth, and Social Security Numbers.

(e) Notwithstanding any language to the contrary herein, the disclosures to counsel provided for in paragraphs (a), (b) and (c) do not include documents or information from the Citywide Child Fatality Review Committee (DC Code § 4-1371.01 et seq.) to the extent that they have not been made public.

(f) That the provision of the documents and information to counsel of record for all parties shall be subject to the confidentiality provisions of this Order.

## 2. Designation of Discovery Materials as Confidential.

All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers,

2

directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL", as described above, shall also be deemed to be designated as "CONFIDENTIAL".

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee or insurance representative to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this

3

Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

**3. Confidential Information Filed With Court.**

To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____",. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Confidentiality Order.

**4. Party Seeking Greater Protection Must Obtain Further Order.**

No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 2 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant

**5. Challenging Designation of Confidentiality.**

A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

### 6. Return of Confidential Material at Conclusion of Litigation.

At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

7. Effect upon Discoverability

This Order shall have no effect upon the discoverability *vel non* of the documents and information subject hereto.


_____
Rosemary M. Collyer,
United States District Judge




APPROVED AS TO FORM:

_____/s/_____

Ruth F. Vadi, DC Bar No. 482465
Barry Bach (*pro hac vice)*
HODES, PESSIN & KATZ
901 Dulaney Valley Road
Suite 400
Towson, MD 21204
(410) 938-8800

Attorneys for the Government of the District of
Columbia

_____/s/_____

Jeffrey R. DeCaro, Esq.
DECARO, DORAN, SICILIANO,
GALLAGHER & DEBLASIS, LLP
4601 Forbes Blvd., Suite 200
Lanham, MD  20706
301-306-4318

Attorney for Defendant Progressive Life Center, Inc.

_____/s/_____

Christopher Costabile
10555 Main Street, Suite 400
Fairfax, VA 22030
703-273-2777

Attorney for Defendant Nile Express Transport

_____/s/_____

David F. Grimaldi

6

MARTELL, DONNELLY, GRIMALDI
& GALLAGHER
1900 L Street, N.W., Suite 401
Washington, DC 20036
202-293-0830

Attorney for Defendant William Woods


_____/s/_____
James C. Bailey
BAILEY & EHRENBERG, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Attorney for Plaintiff, Brett E. Cohen, Esq.,
as Personal and Legal Representative of the
Estate of Dequan Chambers, Deceased


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of May, 2008, a copy of the foregoing

was sent electronically, to:

Jeffrey R. DeCaro, Esq.
DeCaro, Doran, Siciliano,
   Gallagher & DeBlasis, LLP
4601 Forbes Blvd., Suite 200
Lanham, MD 20706

James C. Bailey, Esq.
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036

Christopher Costabile, Esq.
10555 Main Street, Suite 400

Fairfax, VA 22030

David F. Grimaldi, Esq.
Martell, Donnelly, Grimaldi
  & Gallagher
1900 L Street, N.W., Suite 401
Washington, DC  20036

                              /s/
                    _____
                    Ruth F. Vadi, DC Bar No. 482465


                              /s/
                    _____
                    Barry Bach (*pro hac vice*)
                    HODES, PESSIN & KATZ
                    901 Dulaney Valley Road
                    Suite 400
                    Towson, MD 21204
                    (410) 938-8800

                    Attorneys for the Government of the District of
                    Columbia

8