# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| Brett E. Cohen, Esq. <br> As Personal and Legal <br> Representative of the Estate of <br> D.Q., Deceased <br><br>                             Plaintiff, <br>   v. <br><br><br> The Government of the <br> District of Columbia  , <br><br>     *et al.* <br><br>                            Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 1:08-CV-00480-RMC <br> ) <br> ) <br> ) <br> ) Jury Trial Demanded <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PARTIES STATEMENTS OF THE CASE

As a supplement to the Rule 16 Report, and pursuant to the Chambers' Rules of the Court,[1] Plaintiff Brett E. Cohen, Esq. as Personal and Legal Representative of the Estate of D.Q., deceased, and Defendants District of Columbia, Progressive Life Center, Nile Express Transport, Inc., and William Woods (collectively, the "Defendants"), through their undersigned counsel respectfully submit the following respective statements of the case.[2]

---

[1] According to the Chambers' Rules of the Court, this Statement is due no later than 72 hours prior to the May 16, 2008, 10:00 a.m. hearing, and the Parties acknowledge with regret that it is late.  The Parties note by way of explanation of its tardiness that this Statement was jointly-prepared during an in-person meeting of all counsel during a series of depositions at Plaintiff's office.

[2] The Parties note that this statement includes assertions of various parties and should not be considered to reflect any admissions of fact or law.

1

**Plaintiff's Brief Statement of the Case**

Plaintiff's decedent, D.Q., was struck and killed by a car driven by Defendant William Woods while he was in the legal custody of Defendant District of Columbia (the "District", and two of its contract service providers, Progressive Life Center and Nile Express Transport ("Nile"). Progressive Life Center ("PLC") is a non-profit association, licensed by the DC Government as a Child Placement Agency, that had contracted with CFSA to provide private foster care and mental health and counseling services to, among others, children committed to CFSA by the Family Division of the Superior Court of the District of Columbia. DQ was such a child. Immediately prior to the accident, D.Q., who had been placed in foster care and at the time in pre-adoptive status by PLC, was being transported in a van owned and operated by Nile for therapy at PLC's Montana Avenue Facility. Nile had entered into a Medicaid Provider Agreement with the Medical Assistance Administration of the D.C. Dept. of Health, and, among other transportation providers, provided transportation to Medicaid eligible persons including children.

Despite a history of impulsive behaviors, treatment with adult-strength psychotropic medications, and a previous incident where he jumped out of a car and ran into the community, the Defendants were recklessly indifferent in ensuring D.Q.'s safety. Thus, in July 2006, while being transported to PLC's offices in a van owned and operated by Nile, D.Q. ran out of the van and across the street to PLC's offices, and was struck by Defendant Woods car.

By virtue of the fact(s) (1) that D.Q. was a committed child in the D.C. Superior Court, (2) that the District of Columbia Child and Family Services Agency was D.Q.'s

legal guardian, (3) that Progressive had contracted with the District to provide the aforementioned foster care and mental and social services to D.Q., (4) that PLC and/or the District had contracted with Nile to provide transportation services to D.Q., and/or (5) that the District, PLC and Nile were aware at all times relevant hereto that D.Q. had a history of jumping out of moving vehicles either to harm himself or to run away, and other suicidal ideations and behaviors, a special relationship existed between Defendants and D.Q. such that Defendants owed D.Q. a special duty of care to protect D.Q. from injury.

Based on the foregoing, Plaintiff contends the corporate Defendants recklessly breached their duties of care owed to Plaintiff.  As for Defendant Woods, Plaintiff contends that he is liable for negligence.

**Defendants' Brief Statement of the Case**

On July 18, 2006, Plaintiff's decedent, D.Q., an 11-year-old boy, dashed out of a parked Niles van, ran between two parked cars and darted out into the path of Woods' oncoming vehicle. He collided with the vehicle and was killed.  At the time, DQ was committed to Defendant District of Columbia and under the care and custody of Progressive Life Center and being transported by Nile Express Transport (collectively the "Corporate Defendants").  Progressive Life Center ("PLC") is a non-profit association, licensed by the DC Government as a Child Placement Agency, that had contracted with CFSA to provide private foster care placement and mental health and counseling services to, among others, children diagnosed with mental disorders who had been committed to the DC Child and Family Services Agency ("CFSA") by the Family Division of the Superior Court of the District of Columbia.. DQ was such a child.

Nile had entered into a Medicaid Provider Agreement with the Medical Assistance Administration of the D.C. Dept. of Health, and, among other transportation providers, provided transportation to Medicaid eligible persons ,including children..

Immediately prior to the accident, D.Q., who had been placed in PLC foster care for many years was placed in pre-adoptive status by PLC.  DQ was being transported in a van owned and operated by Nile Express Transport to a therapy session at PLC's Montana Avenue facility.

D.C. contends that the responsibility for DQ's care and safety by the terms of the DC/PLC contract lay with PLC.. Niles and PLC were not the agent servant or employee of DC but independent contractors for whose acts or omissions DC is not liable. Moreover there is no evidence that any of the Defendants was negligent or that there was any negligent supervision or retention by DC.  D.C. further contends that DQ's death was not the result of any unconstitutional policy, practice or procedure of DC.  DC had complied with all of its statutory and regulatory obligations and had fulfilled all of its duties. In no event is DC liable for punitive damages.

Defendant Woods adds that, from his perspective, this case is simply a tragic accident for which he bears no legal responsibility.

**Claims**

The Third Amended Complaint sounds in 6 counts, as follows:

Count  I:       Against D.C., Progressive, and Nile:  Wrongful death: Negligence, pursuant to D.C. Code § 16-2701

Count II:       Against D.C., Progressive, and Nile:  Survival Action:  Negligence, pursuant to D.C. Code § 12-101

Count III:      Against D.C., Progressive, and Nile:  Common Law Negligent Hiring, Training, and Supervision

Count IV:       Against William L. Woods:  Negligence

Count V:        Against D.C. and Progressive, 42 U.S.C. § 1983 and Due Process Clause

Count VI:       Against Progressive and Nile:  Punitive damages (listed as separate count for purpose of clarification)

**Defenses:**

(1) lack of primary negligence;

(2) the absence of any agency relationship between the Defendants

(3) absence of duty;

(4) contributory negligence;

(5) assumption of the risk;

(6) intervening/superseding cause;

(7) lack of proximate cause; and

(8)  lack of any violation of any applicable statutory or regulatory duty.

(9) Failure to state claims upon which relief can be granted against any of the Defendants

(10)    Absence of the violation of any contitutional right as required by 42 USC § 1983

(11)    Absence of any unconstitutional policy, practice or procedure

(12)    Failure to state a claim for punitive damages

(13)    Immunity

(14)    Qualified immunity

May 14, 2008                         Respectfully submitted,

/s/ James C. Bailey
_____
James C. Bailey (DC Bar No. 462391)
Kathleen A. Behan (DC Bar No. 429072)
BAILEY & EHRENBERG PLLC
1155 Connecticut Ave., NW,
Suite 1100
Washington, D.C. 20036
Tel: (202) 787-3869
Fax: (202) 318-7071
jcb@becounsel.com

Attorneys for Plaintiff

CERTIFICATE OF SERVICE

The undersigned certifies that on May 14, 2008 he filed and served the foregoing via the Court's ECF system upon the following counsel, who have consented to electronic service:

**Counsel for Defendant District of Columbia:**

Barry Bach
Ruth Vadi
HODES, PESSIN & KATZ, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

**Counsel for Defendant Progressive Life Center:**

Jeffrey R. DeCaro
DECARO, DORAN, SICILIANO,
   GALLAGHER & DEBLASIS
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706

**Counsel for Defendant Nile Express Transport, Inc.**

Christopher Costabile
10555 Main Street
Suite 400
Fairfax, VA 22030

**Counsel for Defendant William Woods**

David Grimaldi
MARTELL, DONNELLY,
  GRIMALDI & GALLAGHER
1900 L Street NW
Suite 401
Washington, D.C. 20036

/s/ James C. Bailey

_____