UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQ.              :
AS PERSONAL AND LEGAL             :
REPRESENTATIVE OF THE ESTATE      :
OF D.Q., DECEASED                 :
                                  :
        Plaintiff                 :
                                  :
v.                                :     Case No.: 1:08-cv-00480 RMC
                                  :
THE GOVERNMENT OF THE             :     Status Conference:
 DISTRICT OF COLUMBIA, et al      :      9/5/08 @ 11:45 a.m.
                                  :
        Defendants                :
_____

## MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant herein WILLIAM WOODS, by and through counsel,
Martell, Donnelly, Grimaldi & Gallagher, and pursuant to Rules 7 and 56 of the Federal
Rules of Civil Procedure and Rules of this Court, and moves this Court to grant Summary
Judgment and as reasons therefore refers the Court's attention to the Points &
Authorities, Statement of Material Facts Not in Issue, and Exhibits attached hereto and
prayed to be read as a part hereof.

Counsel for respective co-defendants consent to the granting of this Motion;
counsel for plaintiff does not consent to the granting of this Motion.

Respectfully submitted,

MARTELL, DONNELLY, GRIMALDI & GALLAGHER

  /s/  David F. Grimaldi_____
David F. Grimaldi      #005306
1900 L Street, N.W., Suite 401
Washington, D. C. 20036
(202) 293-0830
Counsel for defendant William Woods

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Summary Judgment, Memorandum of Points & Authorities, Statement of Material Facts Not in Issue, Exhibits and Proposed Order was e-filed with the Court and counsel this ___28th__ day of   July, 2008.

> James C. Bailey, Esquire
> Jason H. Ehrenberg, Esquire
> Kathleen Anne Behan, Esquire
> Bailey & Ehrenberg, PLLC
> 1155 Connecticut Avenue, N.W., Suite 1100
> Washington, D.C. 20036
>
> Jeffrey R. Caro, Esquire
> DeCaro, Doran,  Siciliano, Gallagher & DeBlasis, LLP
> 4601 Forbes Boulevard, Suite 200
> Lanham, Maryland 20706
>
> Ruth F. Vadi, Esquire
> Barry Bach, Esquire
> Hodes, Pessin & Katz, P.A.
> 901 Dulaney Valley Road, Suite 400
> Towson, Maryland 21204
>
> Christopher Costabile, Esquire
> Law Office of Christopher Costabile
> 10555 Main Street, Suite 400
> Fairfax, Virginia 22030

>  /s/ David F. Grimaldi_____
> David F. Grimaldi

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQ.      :
AS PERSONAL AND LEGAL   :
REPRESENTATIVE OF THE ESTATE  :
OF D.Q., DECEASED       :
                            :
        Plaintiff       :
                            :
v.                       :     Case No.: 1:08-cv-00480 RMC
                            :
THE GOVERNMENT OF THE    :     Status Conference:
 DISTRICT OF COLUMBIA, et al   :      9/5/08 @ 11:45 a.m.
                            :
        Defendants   :
_____

## STATEMENT OF MATERIAL FACTS NOT IN ISSUE

1.      On July 18, 2006, the date of this incident, the minor plaintiff Dequan Chambers (D.Q.) was a 12-year-old participant in the foster care program of the District of Columbia, being transported by contractee Niles Transportation Company to the program at the Progressive Life Center at 1933 Montana Avenue, N.W. in the District of Columbia. The Progressive Life Center facility was located at the southside of Montana Avenue and after the transporting van was parked at the curb on the northside of Montana Avenue, the minor plaintiff exited the van and was crossing Montana Avenue from the northside to the southside when in collision with a vehicle operated in a northwesterly direction by William Woods.

2.      Deposition testimony concerning the facts and circumstances of the accident is part of the record in the case: Witness William Woods (deposed February 4, 2008), Witness Tiaya Gregory (deposed February 13, 2008), and Witness Regino Stultz

(deposed June 18, 2008).  William Woods was the operator of the colliding vehicle, Tiaya Gregory was a Progressive Life Center (PLC) employee, and Regino Stultz was the operator of the Nile Transportation van, transporting the minor D.Q. at the time of the accident.

3.    The accident occurred on July 18, 2006 at approximately 1:15 p.m., weather clear and dry, Montana Avenue, N.E., east of 17th Street, has four marked lanes, two travel lanes in each direction and two parking lanes and the speed limit is 25 miles per hour (Stultz dep., p 35, Stultz, pp. 18 – 20, and Ex. 9 attached hereto).

4.    The accident occurred in the middle of the block, not at an  intersection, not at a corner or traffic light, and not at a crosswalk area (Stultz, 130).

5.    After a complete Metropolitan Police Department investigation, no charges were placed against Mr. Woods (Woods depo., 104).

6.    At the time of the accident Mr. Woods was an 80-year-old retired member of the U.S. Coast Guard en route to dancing class at the Senior Citizens' Center, accompanied by  his wife, and traveling 15 to 20 miles per hour in the left northwest travel lane; the van operated by Mr. Stultz and transporting D.Q. was parked at the curb in the right northwest lane. (Woods, dep. 29, 35, 59, 61, Stultz dep., 18-20, Gregory dep., 125).

7.    D.Q. entered the Woods' travel lane from a point directly in front of a parked vehicle, without looking for traffic, and while "very excited", "dodging", "bolting", "dashing", "running", "leaping". (Woods, dep. 49-64, 96-104; Gregory, dep., 68-72, 128-131; Stultz, dep. 27-54).

8.    The collision happened "instantaneously" as D.Q. entered the left travel

2

lane. (Gregory, dep. 131).

Respectfully submitted,

MARTELL, DONNELLY, GRIMALDI & GALLAGHER


 /s/  David F. Grimaldi_____
David F. Grimaldi      #005306
1900 L Street, N.W., Suite 401
Washington, D. C. 20036
(202) 293-0830
Counsel for defendant William Woods

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQ.                    :
AS PERSONAL AND LEGAL                   :
REPRESENTATIVE OF THE ESTATE            :
OF D.Q., DECEASED                       :
                                        :
          Plaintiff                     :
                                        :
v.                                      :          Case No.: 1:08-cv-00480 RMC
                                        :
THE GOVERNMENT OF THE                   :          Status Conference:
 DISTRICT OF COLUMBIA, et al            :           9/5/08 @ 11:45 a.m.
                                        :
          Defendants                    :
_____

## MEMORANDUM OF POINTS & AUTHORITIES

Rule 7 and Rule 56 of the  Federal Rules of Civil Procedure and the Rules of this

Court.

Dequan Chambers (D.Q.) a 12-year-old and a pedestrian was killed on July 18,

2006 when he collided with a vehicle operated by the defendant William Woods; at the

time of the accident D.Q. was in the foster care program of the District of Columbia, being

transported in a van of contractee Nile Transportation Company, en route to a special

needs program at the Progressive Life Center on Montana Avenue.  In various counts,

plaintiff filed suit against William Woods, the District of Columbia, Progressive Life Center

and Niles Transportation, Inc..

Co-defendants District of Columbia, Progressive Life Center and Niles

Transportation, Inc. consent to the granting of this Motion for Summary Judgment on

behalf of William Woods; plaintiff does not consent to the granting of this Motion.

Although extensive discovery has been accomplished concerning the relationship of the parties, specific discovery has been accomplished concerning the facts and circumstances of the accident and the alleged liability of the defendant William Woods, the operator of the colliding vehicle.  It is respectfully submitted that discovery has sufficiently established that at the time of the accident William Woods was operating his vehicle in accordance with all rules of the road, that he was using reasonable care under the circumstances, that he was not negligent and that no negligence on the part of Mr. Woods was the proximate cause of the collision and the minor plaintiff's death.

Although the testimony of the three witnesses, Mr. Woods, Ms. Gregory, and Mr. Stultz contain factual contradictions concerning the facts and circumstances of the accident, those factual contradictions do not preclude the factual and legal conclusion, (1) that reasonable persons could not differ, (2) that Mr. Woods was not negligent in the operation of his vehicle, (3) nor the proximate legal cause of the death of D.Q.  Mr. Woods had the misfortune of simply driving his vehicle on Montana Avenue, N.E. when this tragic accident occurred.

It is respectfully submitted that plaintiff has the burden of proof in establishing negligence and proximate cause as to Mr. Woods; there is no probative evidence to support the allegation of negligence and proximate cause as set forth in the Statement of Material Facts Not in Issue and attached Exhibit, and Summary Judgment is appropriate.

Mr. Woods testified that at the time of the accident he was 78-years-old, retired from the United States Coast Guard, and traveling with his wife to the Senior Citizens' Center for afternoon dancing.  He stated that the accident occurred a couple of blocks

from his home, that he was traveling in a northwest direction on Montana Avenue at approximately 15 to 20 miles per hour, approaching the curb parked Nile Transportation van, stating he was traveling in the left marked travel lane and that the van was parked at the curb in the right lane, when D.Q. suddenly came leaping from Mr. Woods' right onto the hood of his vehicle, causing him to turn to the left, while D.Q. rolled off the front of the hood of his vehicle.

The witness Gregory, a 36-year-old Social Worker employed by Progressive Life Center testified that she was standing in the front window of the Progressive Life Center on the southside of Montana Avenue talking on the telephone with her husband when she observed the parked van, the approaching Woods' vehicle that was not traveling fast nor speeding, when she observed D.Q., very excited and animated exit the van from the left sliding door, characterizing him as anxious, dashing, and jumping out although she admitted she was not processing it all at the time. She testified that D.Q. jumped out of the van and started running and took two or three steps running before the collision occurred "instantaneously". She stated that D.Q. did not look for traffic before entering the left northwest travel lane. She stated that the impact involved the mid part of the front of the woods' vehicle. Mr. Woods stated the youngster impacted his right front fender and hood.

Regino Stultz, age 62, was the operator of the parked van and worked at transporting special needs children to special planned programs; he testified that he parked the van transporting D.Q. and another youngster across the street from the Progressive Life Center, in the middle of the block, not at a corner or at a traffic light or

sign, or at a crosswalk, anticipating that he would escort the children across the street to the Progressive Life Center.  He testified that the weather was clear and dry, that he was operating a 2004 Ford van with doors on both sides and because there were no parking spaces on the southside of Montana Avenue in front of the Progressive Life Center,  he had parked on the northside, three feet behind another vehicle.  He testified that D.Q. was seated in the right-front passenger seat, contradicting the testimony of Ms. Gregory, that immediately after parking the van, D.Q. exited the van on the right side, jumping out, and darting, bolting, and dashing into the street.  Although Mr. Stultz did not actually witness the collision, he states that he heard a bump and saw Mr. Woods' vehicle travel about one car length before stopping.

Although there are contradictions in details concerning the facts and circumstances of the accident, it is apparent that Mr. Woods was operating his vehicle in a reasonable and lawful manner when D.Q. simply ran into the street directly in front of and in close proximity to Mr. Woods' vehicle, entering the street from a blind spot in front of a parked vehicle.  Plaintiff has the duty and burden of proof in establishing by a preponderance of probative evidence that Mr. Woods was negligent in the operation of his vehicle and that the negligence was the proximate cause of the minor plaintiff's injury and death.  As set forth in the District of Columbia Standard Jury Instructions, the mere fact that an accident happened does not mean that  negligence existed; plaintiff is burdened with  providing specific evidence of negligence.

In this case, and under these circumstances, Summary Judgment is justified and appropriate; based upon the probative evidence in the case, reasonable persons could

4

not differ on the issue.  Summary Judgment entitles the moving party to judgment as a matter of law when no genuine issue or material fact is present at the time the Motion is made Sturdivant v. Seaboard Serv. Systems, (D.C.App. 1983), 459 A.2d 1058; Sayan v. Riggs National Bank, (D.C.App. 1988), 544 A.2d 267; Osbourne v. Capital City Mortgage Corp., (D.C.App. 1995), 667 A.2d 1321.  Conclusory allegations are insufficient to establish a genuine issue of material fact to preclude Summary Judgment and Paragraph 56(e) requires that a party opposing Summary Judgment set forth by Affidavit or in similar sworn fashion specific fact showing there is a genuine issue for Trial; Moseley v. Second New St. Paul Baptist Church, (D.C.App. 1987), 534 A.2d 346; Potts v. District of Columbia, (D.C.App. 1997), 697 A.2d 1249.  In a Motion for Summary Judgment, the moving party discharges the burden of proof by demonstrating that if the case proceeded to Trial, the opponent could produce no competent or probative evidence to support a contrary position.  Nader v. deToledano, (D.C.App. 1979), 408 A.2d 31; Ferguson v. District of Columbia, (D.C.App. 1993), 629 A.2d 15; Miller v. American Coalition of Citizens with Disabilities, Inc., (D.C.App. 1984), 485 A.2d 186; Musa v. Continental Ins. Co., (D.C.App. 1984), 644 A.2d 999.  The foregoing case law supports a prima facie argument for Summary Judgment and effectively shifts the burden of producing evidence to the contrary to the party opposing the Motion.  Summary Judgment is appropriate where it is clear what the truth is.  Franklin Investment Co. v. Huffman, (D.C.App. 1987), 393 A.2d 119.  In the present case it is clear what the truth is.

It is respectfully submitted that the undisputed facts in the present case justify the granting of Summary Judgment in favor of Mr. Woods; any argument by plaintiff that

factual disputes exist because Ms. Gregory claims the minor plaintiff exited into the path of Mr. Woods vehicle from the left sliding door of the van while Mr. Stultz claims the minor plaintiff exited the van from the right front passenger seat and entered the street in front of the vehicle is insufficient to preclude Summary Judgment in favor of Mr. Woods insofar as case law requires plaintiff to produce specific evidence of negligence in Mr. Woods' operation of his vehicle.  No such evidence exists.

WHEREFORE, the defendant herein WILLIAM WOODS moves this Court to grant Summary Judgment.

Respectfully submitted,

MARTELL, DONNELLY, GRIMALDI & GALLAGHER


  /s/  David F. Grimaldi_____
David F. Grimaldi      #005306
1900 L Street, N.W., Suite 401
Washington, D. C. 20036
(202) 293-0830
Counsel for defendant William Woods

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQ.                          :
AS PERSONAL AND LEGAL                         :
REPRESENTATIVE OF THE ESTATE                  :
OF D.Q., DECEASED                             :
                                              :
        Plaintiff                             :
                                              :
v.                                            :        Case No.: 1:08-cv-00480 RMC
                                              :
THE GOVERNMENT OF THE                         :        Status Conference:
 DISTRICT OF COLUMBIA, et al                  :         9/5/08 @ 11:45 a.m.
                                              :
        Defendants                            :
_____

## O R D E R

UPON CONSIDERATION of the Defendant William Woods' Motion for Summary

Judgment, and Opposition thereto, it is by the Court this_____day

of_____, 2008:

ORDERED:  That Defendant William Woods' Motion for Summary Judgment be

and hereby is GRANTED.

                              _____
                                    HONORABLE ROSEMARY COLLYER
                                                JUDGE

David F. Grimaldi, Esquire
Martell, Donnelly, Grimaldi & Gallagher
1900 L Street, N.W., Suite 401
Washington, D.C. 20036

James C. Bailey, Esquire
Jason H. Ehrenberg, Esquire
Kathleen Anne Behan, Esquire
Bailey & Ehrenberg, PLLC
1155 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036

Jeffrey R. Caro, Esquire
DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20706

Ruth F. Vadi, Esquire
Barry Bach, Esquire
Hodes, Pessin & Katz, P.A.
901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204

Christopher Costabile, Esquire
Law Office of Christopher Costabile
10555 Main Street, Suite 400
Fairfax, Virginia 22030

