UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRETT E. COHEN, ESQ. :
AS PERSONAL AND LEGAL :
REPRESENTATIVE OF THE ESTATE :
OF D.Q., DECEASED :
 :
    Plaintiff :
 :
v. : Case No.: 1:08-cv-00480 RMC
 :
THE GOVERNMENT OF THE : Status Conference:
 DISTRICT OF COLUMBIA, et al :   9/5/08 @ 11:45 a.m.
 :
    Defendants :
_____

## REPLY OF WILLIAM WOODS TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant herein WILLIAM WOODS, by and through counsel, Martell, Donnelly, Grimaldi & Gallagher, and replies to Plaintif's Opposition to Defendant's Motion for Summary Judgment as follows:

Regarding Factual Issues in Dispute, plaintiff erroneously argues that the deposition testimony of Mr. Woods suggests that he was looking to his left before the minor plaintiff collided with the right side of Mr. Woods' vehicle' there is no other relevant substantive factual dispute.  In deposition(pp. 49 & 50 attached hereto), Mr. Woods testified that he "looked to my left" after his wife screamed.  The Record was corrected by counsel in stating "you said 'looked to your left' but you looked to your right" stating for the Record the body movement of Mr. Woods.  Mr. Woods then stated "I looked to the right, a body was flying at my car.  I turned to the left, he landed on the hood of my car".

Immediately thereafter Mr. Woods stated "when I looked to the left and he was

flying at my car, I turned my vehicle to the left". Once again, counsel corrected Mr. Woods' testimony by stating "<u>For the record</u>, you just said when I looked to the left again and you went to the right". Mr. Woods then said "when she screamed, I looked to the right I saw a body leaping from my car, I turned the car to the left to avoid that intrusion. The body landed on the hood of my car. As my car came around to the left the body slid off my car and fell in front of my car". There is no statement of opposing counsel in the Record that counsel's correction of Mr. Woods' testimony was inaccurate. Plaintiff's counsel, in the Opposition to the Motion for Summary Judgment, suggests that his wife scream "drew his attention from whatever he was looking at to his left". This is a distortion of the testimony of Mr. Woods concerning this accident.

      Counsel for plaintiff has not set forth relevant or substantive material facts in issue and Summary Judgment should be granted.

                    Respectfully submitted,

                      MARTELL, DONNELLY, GRIMALDI & GALLAGHER

                      /s/ David F. Grimaldi
                      David F. Grimaldi    #005306
                      1900 L Street, N.W., Suite 401
                      Washington, D. C. 20036
                      (202) 293-0830
                      Counsel for defendant William Woods

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Reply of William Woods to Plaintiff's Opposition to Defendant's Motion for Summary Judgment and attachments was e-filed with the Court and counsel this __7th__ day of August, 2008.

        James C. Bailey, Esquire
        Jason H. Ehrenberg, Esquire
        Kathleen Anne Behan, Esquire
        Bailey & Ehrenberg, PLLC
        1155 Connecticut Avenue, N.W., Suite 1100
        Washington, D.C. 20036

        Jeffrey R. Caro, Esquire
        DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP
        4601 Forbes Boulevard, Suite 200
        Lanham, Maryland 20706

        Ruth F. Vadi, Esquire
        Barry Bach, Esquire
        Hodes, Pessin & Katz, P.A.
        901 Dulaney Valley Road, Suite 400
        Towson, Maryland 21204

        Christopher Costabile, Esquire
        Law Office of Christopher Costabile
        10555 Main Street, Suite 400
        Fairfax, Virginia 22030

                                    /s/ David F. Grimaldi
                                    David F. Grimaldi

William L. Woods  February 4, 2008
Washington, DC

Page 49

```
1   happened.
2        A.    From what I saw, what I believe
3   occurred --
4            MR. GRIMALDI:  No.  Just factually your
5   description of the accident.
6        A.    Well, from my, the young gentleman
7   jumped on the hood of my car.  I turned left.  He
8   slid off my car into the front of the car.
9        Q.    You say he jumped?
10       A.    He jumped.
11       Q.    Okay.  Tell me how it happened?
12           MR. GRIMALDI:  I think he just did.
13           BY MR. BAILEY:
14       Q.    Well, you're in your car, you're
15  driving along?
16       A.    I'm in my car driving down Montana
17  Avenue.  My wife screamed.  I looked to my left, a
18  body was flying through the air and landed on the
19  hood of my car.
20           MR. GRIMALDI:  You said looked to the
21  left but you looked to your right?
22       A.    I looked to the right, a body was
```

William L. Woods  February 4, 2008
Washington, DC

Page 50

```
1    flying at my car.  I turned to the left, he landed
2    on the hood of my car.
3              BY MR. BAILEY:
4         Q.   Now, was he flying after the impact of
5    the car?
6         A.   He was flying before he landed on top
7    of my car.
8         Q.   And then what did you do?
9         A.   When I looked to the left and he was
10   flying at my car, I turned my vehicle to the left.
11             MR. GRIMALDI:  For the record, you just
12   said when I looked to the left again and you went
13   to the right.
14        A.   When she screamed, I looked to the
15   right.  I saw a body leaping from my car.  I
16   turned the car to the left to avoid that
17   intrusion.  The body landed on the hood of my car.
18   As my car came around to the left, the body slid
19   off my car and fell in front of my car.
20             MR. BAILEY:  We've been going over an
21   hour.  Let's take a break.
22             (A break was taken at 2:04 p.m.)
```