**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| Brett E. Cohen, Esq. | ) |
| As Personal and Legal | ) |
| Representative of the Estate of | ) |
| D.Q., Deceased | ) |
| | ) |
| Plaintiff, | ) Case No. 1:08-CV-00480-RMC |
| v. | ) |
| | ) |
| | ) |
| The Government of the | ) Jury Trial Demanded |
| District of Columbia, | ) |
| | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

_____ )

**PLAINTIFF'S SUR-REPLY IN SUPPORT OF OPPOSITION TO
DEFENDANT WOODS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff seeks leave to file the following brief sur-reply in order to correct a

misunderstanding set forth in Defendant Woods' Reply.[1]

**1.    Argument.**

Defendant Woods' Reply in Support of his Motion for Summary Judgment

asserts that Plaintiff's position is a "distortion" of Woods' testimony because

Plaintiff did not set forth the several times Woods lost focus on which direction he

was looking at while driving in July 2006.  In support of his Reply, Woods tries to

---

[1] Plaintiff notes for the record that this case is subject to a protective order, and that in Woods' opening brief, he mentioned the decedent by name, and not by initials.  Further, Woods has now filed deposition transcripts on the public docket.

muddy the record by highlighting that he could not remember basic directions and had to be prompted by his attorney to recall directions.

The fact remains – and is admitted by Woods in his Reply (at page 2) – that when Woods' wife "screamed" he "looked to the right" and she alerted her husband to the child. It is not the direction in which he looked that is relevant; it is the fact that it took his wife screaming to draw his attention to the child. Woods provides no explanation why his passenger took care to look for pedestrians, but he did not, and this raises issues of material fact that preclude summary judgment.

## 2.    Conclusion.

For the reasons set forth above, and in his opposition, Defendant Woods' motion for summary judgment should be denied. Indeed, Woods' reply only serves to highlight that all of the facts and circumstances in this case should be tried to a jury.

August 6, 2008                                        Respectfully submitted,

                                                     /s/ James C. Bailey
                                                     _____
                                                     James C. Bailey
                                                     Jason H. Ehrenberg
                                                     BAILEY & EHRENBERG PLLC
                                                     1155 Connecticut Avenue NW
                                                     Suite 1100
                                                     Washington, D.C.  20036
                                                     T:  (202) 787-3869
                                                     F:  (202) 318-7071
                                                     E:  jcb@becounsel.com

                                                     **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this 7th day of August 2008, he served

the accompanying documents via electronic filing, on the following counsel who

have consented to electronic service:

Barry Bach
Ruth Vadi
HODES, PESSIN & KATZ, P.A.
901 Dulaney Valley Road
Suite 400
Towson, MD 21204

Jeffrey R. DeCaro
DECARO, DORAN, SICILIANO,
   GALLAGHER & DEBLASIS
4601 Forbes Boulevard
Suite 200
Lanham, MD 20706

Christopher Costabile
10555 Main Street
Suite 400
Fairfax, VA 22030

David Grimaldi
MARTELL, DONNELLY,
   GRIMALDI & GALLAGHER
1900 L Street NW
Suite 401
Washington, D.C. 20036

/s/ James C. Bailey
_____
James C. Bailey