UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BRETT E. COHEN,** as Personal and Legal Representative of the Estate of D.Q., Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08-480 (RMC) |
| **DISTRICT OF COLUMBIA,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**SCHEDULING ORDER**

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on September 5, 2008, it is hereby **ORDERED** that:

1. The parties shall jointly notify the Court no later than September 19, 2008 if they would like to be referred to either a Magistrate Judge or the Office of the Circuit Executive for mediation prior to formal discovery.

2. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be made no later than November 1, 2008.

3. Motions to join third parties or to amend the pleadings shall be filed no later than November 15, 2008.

4. Plaintiff's designation of experts and reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be made no later than March 2, 2009. Defendant's designation of experts and reports shall be

      made no later than April 1, 2009. Plaintiff's designation of rebuttal experts and reports shall be made no later than May 1, 2009.

5. Plaintiff is limited to a maximum of fifteen (15) fact depositions and five (5) expert depositions. Defendants are limited to five (5) fact depositions, collectively, and five (5) expert depositions, collectively.

6. Each party is limited to a maximum of twenty-five (25) interrogatories, including discrete subparts. Responses to all interrogatories shall be made thirty (30) days after service.

7. Each party is limited to a maximum of twenty-five (25) requests for admissions, including discrete subparts. Responses to all requests for admissions shall be made thirty (30) days after service.

8. All discovery shall be completed no later than June 19, 2009.

9. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

10. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

11. A further status conference is scheduled for 10:00 a.m. on June 26, 2009, at which time a pretrial conference date and a trial date will be selected. Counsel shall be prepared at the

status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses each party will present. Trial counsel shall appear at all hearings, unless excused by the court in advance of the hearing date.

12. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

13. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4.

**SO ORDERED.**

Date: September 5, 2008                                  /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge